# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MONACO COACH CORPORATION, *et al.* | Case No. 09-10750 (KJC) |
| | Jointly Administered |
| Debtors. | **Objection Deadline: May 7, 2009 at 4:00 p.m.** <br> **Hearing Date: May 14, 2009 at 2:30 p.m.** |

## APPLICATION PURSUANT TO FED. R. BANKR. P. 2014(a) FOR ORDER UNDER SECTION 1103 OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF XROADS SOLUTIONS GROUP, LLC AS FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO MARCH 20, 2009

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the chapter 11 cases of Monaco Coach Corporation, and its affiliated debtors (collectively, the "**Debtors**") hereby moves the Court for entry of an order, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the employment and retention of XRoads Solutions Group, LLC ("**XRoads**"), *nunc pro tunc* to March 20, 2009, as financial advisors to the Committee. The facts and circumstances supporting this application (the "**Application**") are as set forth herein and in the Affidavit of Michael Schwarzmann, a principal with XRoads (the "**Schwarzmann Affidavit**"), which is annexed hereto as **Exhibit A** and incorporated herein by reference. In further support of this Application, the Committee respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief sought herein are sections 328(a) and 1103(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a), 2016 and 5002.

## BACKGROUND

3. On March 5, 2009 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. This Court has ordered joint administration of these chapter 11 cases (the "**Cases**").

4. On March 20, 2009 (the "**Formation Meeting**"), the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code. At the Formation Meeting, the Committee selected Greenberg Traurig as its counsel, and XRoads as its financial advisors. The Committee consists of the following seven members:

    (a) Lazy Days RV Center, Inc.;

    (b) Onan Corporation;

    (c) Hardwoods Specialty Products;

    (d) Villa International;

    (e) Horizon Transport;

    (f) Atwood Mobile Products LLC; and

    (g) Lippert Components.

## REQUESTED RELIEF

5. By this Application, the Committee seeks to employ and retain XRoads pursuant to section 1103(a) of the Bankruptcy Code to perform financial advisory services for the Committee in these chapter 11 cases, *nunc pro tunc* to March 20, 2009.

6. The Committee is familiar with the professional standing and reputation of XRoads. The Committee understands and recognizes that XRoads has a wealth of experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States.

7. The services of XRoads are deemed necessary to enable the Committee to assess and monitor the efforts of the Debtors and their professional advisors to maximize the value of their estates and to reorganize successfully. Further, XRoads is well qualified and able to represent the Committee in a cost-effective, efficient and timely manner.

## SCOPE OF SERVICES

8. XRoads will provide such consulting and advisory services to the Committee and its legal advisor as they deem appropriate in the course of these chapter 11 cases, including but not limited to the following:

 i. review and analysis of operating results and uses of cash;
 ii. any proposed asset sales and divestitures;
 iii. advice to the Committee and the Committee's counsel regarding any proposed business plan, reorganization plan, and any negotiations relating thereto;
 iv. review and evaluation of any proposed liquidation or winding up of the affairs of the Company and in regard to the proposed allocation and distribution of any proceeds therefrom, all in accordance with direction from the Committee and its counsel; and
 v. perform such other tasks as the engagement may implicate as the case

develops.

## XROADS' ELIGIBILITY FOR EMPLOYMENT

9. XRoads has informed the Committee that, except as may be set forth in the Schwarzmann Affidavit, it does not represent any other entity having an adverse interest in connection with these cases, and therefore believes it is eligible to represent the Committee under Section 1103(b) of the Bankruptcy Code.

10. XRoads will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered, XRoads will supplement its disclosure to the Court.

11. XRoads has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with these cases.

## TERMS OF RETENTION

12. XRoads is not owed any amounts with respect to pre-petition fees and expenses.

13. The Committee understands that XRoads intends to apply to the Court for allowances of compensation and reimbursement of actual and necessary expenses for its financial advisory support services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding local rules, orders of this Court and guidelines established by the United States Trustee. Actual and necessary expenses would include the following actual out of pocket expenses such as communications, travel,[1] meals, and living expenses. The customary hourly rates, subject to periodic adjustments, charged by XRoads' professionals anticipated to be assigned to this case are as follows:[2]

    Principal(s)                                  $550- $625 per hour

---

1 Travel time for XRoads' personnel is billed at ½ such personnel's hourly rate.
2 XRoads' hourly rates are typically subject to an increase in January and July of each calendar year.

| | |
|---|---|
| Managing Director(s) | $450 - $525 per hour |
| Director(s) | $400 - $425 per hour |
| Sr. Consultant(s) | $350 - $385 per hour |
| Consultant(s) | $240 – $290 per hour |
| Associate(s) and Paraprofessional(s) | $150 - $190 per hour |
| Administrator(s) | $90 - $110 per hour |

Notwithstanding the hourly rates set forth above, XRoads has agreed with the Committee that for the terms of this engagement, Mr. Schwarzmann's hourly rate will be discounted to $450 per hour.

### REQUEST FOR APPROVAL OF RETENTION OF XROADS *NUNC PRO TUNC* TO MARCH 20, 2009

14. The Committee requests that the approval of XRoads' retention be approved *nunc pro tunc* to March 20, 2009. Due to the size and complex nature of these Cases as well as the significant relief sought by the Debtors during the early stages of these Cases, there was an immediate need for XRoads to perform services for the Committee. The Committee has sought authorization to retain XRoads as soon as reasonably practicable. The Committee submits that these circumstances warrant such approval. *See, e.g., F/S Airlease II, Inc. v. Simon (In re F/S Airlease II, Inc.)*, 844 F.2d 99, 103 (3d Cir. 1988); *Indian River Homes, Inc. v. Sussex Trust Co.*, 108 B.R. 46, 51 (D. Del. 1989).

### NOTICE

15. Notice of this Application has been given to (i) the Debtors, (ii) the United States Trustee and (iii) those parties requesting notice pursuant to Del. Bankr. L.R. 2002-1(b). In light of the nature of the relief requested, the Committee submits that no further notice is required.

### NO PRIOR REQUEST

16. No prior Application for the relief requested herein has been made to this or any

other Court.

## CONCLUSION

WHEREFORE, the Committee respectfully requests that the Court enter an Order, substantially in the form attached hereto, authorizing the Committee to employ and retain XRoads as financial advisors for the Committee for the purposes set forth above, *nunc pro tunc* to March 20, 2009, and grant such further relief as is just and proper.

Date: April 13, 2009

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF MONACO COACH
CORPORATION ET AL.

By: _____
Name: _____
Title: Committee Co-Chair

By: _____
Name: _____
Title: Committee Co-Chair

other Court.

## CONCLUSION

WHEREFORE, the Committee respectfully requests that the Court enter an Order, substantially in the form attached hereto, authorizing the Committee to employ and retain XRoads as financial advisors for the Committee for the purposes set forth above, *nunc pro tunc* to March 20, 2009, and grant such further relief as is just and proper.

Date: April 15, 2009

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MONACO COACH CORPORATION ET AL.**

By: *David L. Miller*
Name: DAVID L. MILLER
Title: Committee Co-Chair


By: _____
Name:
Title: Committee Co-Chair