IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MONACO COACH CORPORATION, et al.,[1] | ) | Case No. 09-10750-KJC |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Related Docket No. 118 |

**ORDER GRANTING DEBTORS' MOTION FOR ORDER (A) APPROVING SALE PROCEDURES IN CONNECTION WITH SALE OF CERTAIN ASSETS RE: MOTORHOME RESORTS AND LA QUINTA, CALIFORNIA, REAL PROPERTY; (B) SCHEDULING AN AUCTION FOR AND HEARING TO APPROVE SALE; (C) APPROVING NOTICE OF RESPECTIVE DATE, TIME AND PLACE FOR AUCTION AND FOR HEARING ON APPROVAL OF SALE(S); AND (D) GRANTING OTHER RELATED RELIEF**

Upon the motion (the "Motion") of the captioned debtors and debtors in possession (the "Debtors") for entry of an Order (A) Approving Sale Procedures in Connection with Sale of Certain Assets Re: Motorhome Resorts and La Quinta, California, Real Property; (B) Scheduling an Auction for and Hearing to Approve Sale; (C) Approving Notice of Respective Date, Time and Place for Auction and for Hearing on Approval of Sale(s); and (D) Granting Other Related Relief,[2] and it appearing that the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Monaco Coach Corporation (0244); Signature Motorcoach Resorts, Inc. (8980); Naples Motorcoach Resort, Inc. (1411); Port of the Isles Motorcoach Resort, Inc. (8524); Outdoor Resorts of Las Vegas, Inc. (8478); Outdoor Resorts Motorcoach Country Club, Inc. (1141); Signature Resorts of Michigan, Inc. (4020); La Quinta Motorcoach Resorts, Inc. (9661); R-Vision Holdings L.L.C. (2820); R-Vision, Inc. (3151); R-Vision Motorized, LLC (1985); Bison Manufacturing, LLC (0778) and Roadmaster LLC (5174). The address for each of the Debtors is 91320 Coburg Industrial Way, Coburg, OR 97408, with the exceptions of R-Vision, Inc., R-Vision Motorized, LLC, Bison Manufacturing, LLC and Roadmaster LLC, for which the address is 606 Nelson's Parkway, Wakarusa, IN 465733060; and La Quinta Motorcoach Resorts, Inc., for which the address is 80-501 Ave 48, Indio, CA 92201.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed thereto in the Motion.

57527-002\DOCS_DE:146876.3

U.S.C. § 157(a); the Court having considered the Motion; and it appearing that the relief requested in the Motion, is in the best interests of the Debtors' bankruptcy estates, their creditors and other parties-in-interest; and after due deliberation and sufficient cause appearing therefor;

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:

A. Notice of the Motion was adequate and sufficient under the circumstances of these chapter 11 cases, and such notice complied with all applicable requirements of 11 U.S.C. §§ 102 and 363, Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure, and any other applicable provisions of title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules.

B. The bid procedures attached hereto as **Exhibit "1"** (collectively, with the Stalking Horse Parameters, the "Sale Procedures") are reasonable and appropriate under the circumstances of these chapter 11 cases. The Debtors are authorized to take any and all actions necessary or appropriate to implement the Sale Procedures.

C. All objections to the relief requested in the Motion that have not been withdrawn, waived or settled as announced to the Court at the hearing on the Motion or by stipulation filed with the Court, are overruled except as otherwise set forth herein.

D. The Sale Procedures are reasonable and appropriate and represent the best method for maximizing value for the benefit of the Debtors' estates.

E. The Notice of Sale Procedures, Auction Date and Sale Hearing, substantially in the form attached hereto as **Exhibit "2"** (the "Sale Procedures, Auction and Sale Hearing Notice"), and the Notice of Auction and Sale Hearing (the "Creditor Notice"), substantially in the form attached hereto as **Exhibit "3"**, provides adequate notice concerning the proposed Auction, sale of the Resort Assets and Sale Hearing.

57527-002\DOCS_DE:146876.3

IT IS HEREBY ORDERED THAT:

1. The relief requested in the Motion is granted as set forth in this Sale Procedures Order.

2. The Sale Procedures are approved as modified herein, and are incorporated herein by reference.

3. The proposed sale of the Resort Assets and the Auction shall be conducted in accordance with the provisions of this Sale Procedures Order and the Sale Procedures.

4. Within two (2) business days following entry of this Order, the Debtors shall serve by first class mail the Sale Procedures, Auction and Sale Hearing Notice on (a) the Notice Parties; (b) the Office of the United States Trustee; (c) all parties who have timely filed requests for notice under Rule 2002 of the Federal Rules of Bankruptcy Procedure; (d) all entities who executed non-disclosure agreements with the Debtors or Avondale in connection with a potential acquisition of any or all of the Resorts Assets or who otherwise have expressed to the Debtors an interest in purchasing the Resorts Assets; and the Creditor Notice upon the same parties, as well as: (a) all of the Debtors' other known creditors and equity interest holders; (b) all parties known to the Debtors who assert liens in respect of the Debtors' assets; (c) the United States Attorney's office; (d) all state attorneys general in states in which the Resort Assets are located; (e) the Internal Revenue Service; and (f) for each state in which the Resort Assets are located, the applicable taxing authorities.

5. Any objection to any of the relief to be requested at the Sale Hearing must be in writing, state the basis of such objections with specificity and shall be filed with the Court (with

a courtesy copy to Chambers) and served on the Notice Parties and the Office of the United States Trustee so as to be received by May 4, 2009, at 4:00 p.m. (Eastern Time).

6. Compliance with the foregoing notice provisions shall constitute sufficient notice of the Debtors' proposed sale(s) of the Resort Assets free and clear of all liens, claims, interests and encumbrances, and no additional notice of such contemplated transactions need be given.

7. If the Debtors receive more than one Qualified Bid (as defined in the Sale Procedures), an auction (the "Auction") will be held on May 8, 2009, at 10:00 a.m. (Pacific Time), at the offices of Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California 90067, or at any such other location as the Debtors may hereafter designate.

8. Counsel to the Debtors are authorized to hold and conduct the Auction in accordance with the Sale Procedures.

9. The Sale Hearing shall be conducted on May 11, 2009, at 11:00 a.m. (Eastern Time), and may be adjourned from time to time without further notice other than an announcement in open court at the Sale Hearing.

10. Notwithstanding anything herein or in the Sale Procedures to the contrary, no sale free and clear of liens, claims and encumbrances shall be approved unless it complies with section 363(f) of the Bankruptcy Code.

11. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h) and 7062 or otherwise, the terms and conditions of this Sale Procedures Order shall be immediately effective and enforceable upon its entry, and no automatic stay of execution shall apply to this Sale Procedures Order.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Sale Procedures Order.

Dated: April 17, 2009

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge