IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re ) | Chapter 7 |
| ) | |
| MONACO COACH CORPORATION, ) | Case No. 09-10750 (KJC) |
| et al., ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | Related Docket Nos. 241 and 350 |

ORDER GRANTING MOTION OF ABLECO FINANCE LLC
FOR ENTRY OF AN ORDER ENFORCING THE FINAL CASH COLLATERAL
ORDER AND NAVISTAR SALE ORDER PURSUANT TO 11 U.S.C. § 105

Upon the motion of Ableco Finance, LLC, as administrative agent and collateral agent ("Ableco") for the lenders (the "Term Loan Lenders") party to that certain Financing Agreement, dated as of November 6, 2008 (the "Term Loan Agreement"), by and among Monaco Coach Corporation and its subsidiaries, as borrowers, certain other of its subsidiaries, as guarantors (together, the "Debtors"), the Term Loan Lenders, and Ableco (the "Motion")[1], pursuant to section 105(a) of the Bankruptcy Code, seeking the entry of an order, *inter alia*, directing the Debtors (or, in the alternative, any trustee that may be appointed) to turn over sale proceeds pursuant to the Court's (i) Final Order Re Second Motion to Use Cash Collateral (A) Authorizing Use of Cash Collateral; and (B) Granting Adequate Protection Pursuant to Bankruptcy Rule 4001(c), dated May 1, 2009 (D.E. 241) (the "Cash Collateral Order"), and (ii) Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Assets Outside the Ordinary Course of Business, (II) Authorizing the Sale of Assets Free and Clear of All Liens, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired

---

[1] Capitalized terms used herein that are not defined shall have the meanings given to them in the Motion.

DOC ID-10946198.3

Leases, (IV) Authorizing the Rejection of Certain Contracts, (V) Authorizing Certain Debtors to Change Their Names Post-Closing and (VI) Granting Related Relief, dated May 22, 2009 (D.E. 350) (the "Navistar Sale Order"); and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 11 U.S.C. § 105(a); and the Debtors' cases having been converted from chapter 11 to chapter 7 as of June 30, 2009 and George L. Miller having been appointed as the chapter 7 trustee (the "Trustee") as of such date; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice needs to be provided; and the hearing on the Motion having been held before this Court on August 5, 2009; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted in its entirety, and any objections to the Motion are overruled; and it is further

ORDERED that pursuant to the Cash Collateral Order and the Navistar Sale Order, the Trustee is hereby directed to turn over to Ableco the proceeds of the Navistar Sale until the Term Loan Indebtedness is paid in full (subject to the Estate Carve-Out (as defined below)), including the following:

(i) the Applicable Prepayment Premium in the amount of $1,597,469.16;

(ii) accrued and unpaid fees and expenses through June 4, 2009 in an amount not less than $246,522.17;

(iii) additional fees and expenses incurred after June 4, 2009 under the Term Loan Agreement, including, without limitation, legal fees incurred in connection with the prosecution of the Motion; provided, however, Ableco agrees to waive the quarterly fee that became due and owing as of August 1, 2009; and

(iv) accrued and unpaid interest on the foregoing amounts at the contractual default rate from the earlier of June 4, 2009 or the date on which such amount came due through the date on which all amounts due and owing pursuant to this Order are paid to Ableco in cash; and it is further

ORDERED that, notwithstanding the foregoing, Ableco has consented to the subordination of the Term Loan Liens securing the Term Loan Lenders' claims to the prior distribution to the Trustee, for the benefit of the Debtors' estates, in the aggregate amount of $200,000 (the "Estate Carve-Out"), which amount shall be satisfied from the funds that would otherwise be used to satisfy the Applicable Prepayment Premium. The funds constituting the Estate Carve-Out shall not be available for distribution on account of any claims, including, without limitation, any superpriority claims (if any) of the ABL Lenders and/or their respective agents. Further, the funds constituting the Estate Carve-Out shall be in addition to any amounts of cash collateral available for use by the Trustee pursuant to budgets approved in writing pursuant to the consent of the ABL Lenders or any other secured party; and it is further

ORDERED that this Court shall retain jurisdiction to enforce and implement the terms of this Order.

Dated: August 5, 2009

The Honorable Kevin J. Carey
United States Bankruptcy Judge