**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

------------------------------------------------------- x

| | | |
|---|---|---|
| **In re:** | : | Chapter 7 |
| | : | |
| **MCC CORPORATION (f/k/a MONACO** | : | Case No. 09-10750 (KJC) |
| **COACH CORPORATION)** *et al.* | : | |
| | : | Jointly Administered |
| **Debtors.** [1] | : | |
| | : | **Hearing Date:  December 3, 2009 at 3:00 p.m.** |
| | : | **Objection Deadline: November 25, 2009 at 4:00 p.m.** |

------------------------------------------------------- x

**MOTION OF CHAPTER 7 TRUSTEE FOR ORDER AUTHORIZING TURNOVER OF
FUNDS ERRONEOUSLY PAID TO ESTATES**

George L. Miller, the duly appointed chapter 7 trustee (the "Trustee") for the above-

captioned debtors (the "Debtors"), hereby moves for an order authorizing him to turnover to their

rightful owners certain funds that were erroneously paid to the estate of Debtor, Monaco Coach

Corporation ("Monaco"), and certain funds that were erroneously paid into a certain Debtor-in-

possession bank account (this "Motion").   In support of this Motion, the Trustee states as

follows:

**Jurisdiction and Venue**

1.        This Court (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C.

§§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue

is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification number, if
applicable, are: Monaco Coach Corporation (0244); Signature Motorcoach Resorts, Inc. (8980); Naples Motorcoach
Resort, Inc. (1411); Port of the Isles Motorcoach Resort, Inc. (8524); Outdoor Resorts of Las Vegas, Inc. (8478);
Outdoor Resorts Motorcoach Country Club, Inc. (1141); Signature Resorts of Michigan, Inc. (4020); La Quinta
Motorcoach Resorts, Inc. (9661); R-Vision Holdings L.L.C. (2820); R-Vision, Inc. (3151); R-Vision Motorized
LLC (1985); Bison Manufacturing, LLC (0778) and Roadmaster LLC (5174).

**Background**

A.    **The Bankruptcy Cases**

2.       The Debtors produced motor homes and recreational vehicles in the United States. They were headquartered in Coburg, Oregon, operated manufacturing facilities in Oregon and Indiana, operated motor home resorts in California, Florida, Nevada, and Michigan, and owned undeveloped land in Riverside County, California.

3.       On March 5, 2009, the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code.

4.       On May 22, 2009, the Court entered an order authorizing the Debtors to sell their core recreational vehicle manufacturing assets to an affiliate of Navistar, Inc. (the "Sale" to the "Purchaser").  The Sale has since closed.

5.       On June 29, 2009, the Court entered an order converting the cases from ones under chapter 11 to ones under chapter 7.

6.       On or about June 30, 2009, the Office of the United States Trustee appointed the Trustee.  Monaco and its affiliated debtors have ceased all operations and the Trustee is in the process of liquidating all remaining assets.

B.    **The Erroneous KeyBank Payment**

7.       On or about June 16th, 2009, Keybank, National Association ("KeyBank") mistakenly sent Monaco a wire transfer in the amount of $11,319 (the "Erroneous KeyBank Payment").  KeyBank apparently intended to send these funds to a certain RV dealer – T. Stinnett Holiday RV – for which KeyBank provides financing.  This dealer is unrelated to

2

Monaco, and the Trustee is uncertain of exactly how or why Keybank misdirected the wire transfer.

8.    Shortly after the Erroneous KeyBank Payment occurred, a KeyBank representative contacted the Trustee's office and requested return of these funds.  The Trustee has conducted an investigation, and found that he has no right, legal or equitable, to retain possession of these funds.  Consequently he requests Court authority to return them to KeyBank.

## C.    The Erroneous Bank of America Payments

9.    Prior to conversion, the Debtors-in-possession held funds in certain accounts at Bank of America, NA ("Bank of America"), including a business checking account (the "Checking Account"), and a Debtor-in-possession account (the "DIP Account").  In addition, a certain lockbox existed at Bank of America that was associated with the Checking Account (the "Lockbox").

10.    Shortly after his appointment, the Trustee requested that Bank of America close the Lockbox and both Accounts.  In response, on approximately July 2, 2009, Bank of America paid the Trustee the full balances of both Accounts, ostensibly in connection with each closing.  Unbeknownst to the Trustee, however, Bank of America in fact allowed the DIP Account and the Lockbox to remain open.  Bank of America did close the Checking Account, although not until July 21st.

11.    Beginning on August 4, 2009, certain customers who were doing business with the Purchaser began erroneously submitting certain payments to the Lockbox (the "Erroneous Bank of America Payments") instead of to the Purchaser.  Given the fact that the Sale had only recently closed, perhaps these customers had not yet updated their payment information.  But

WILMINGTON\99122\1  260884.000
11/11/09

regardless of the reason for the mistakes, the Erroneous Bank of America Payments were post-sale receivables and, as such, are clearly the property of the Purchaser, and not the Debtors.

12.     Specifically, the Erroneous Bank of America Payments consist of the following. On August 4, 2009, Couler Valley RV submitted $29,484 to the Lockbox.  Next, on August 20, 2009, Arena Trailer Sales submitted $51.42 to the Lockbox.  Then, on August 31, 2009, D&D Retail LP submitted $29,844 to the Lockbox.  Finally, on September 1, 2009, Ascot Enterprises, Inc. submitted $542.85 to the Lockbox.  All together, these payments total $59,922.27.

13.     Bank of America reacted to the Lockbox's receipt of these funds by transferring them to the DIP account (the Checking Account associated with the Lockbox having been closed), and failing to alert the Trustee to their presence.

14.     On September 8, 2009, Bank of America finally closed the Lockbox.  Then, on October 1, 2009, Bank of America at last closed the DIP Account and transferred the balance, including all of the Erroneous Bank of America Payments, to the Trustee's account, where these funds sit today.

15.     The Trustee has conducted an investigation, and found that he has no right, legal or equitable, to retain possession of the Erroneous Bank of America Payments.  These funds are post-sale receivables, and belong to the Purchaser.  Consequently he requests Court authority to forward these funds to the Purchaser.

## Summary of Requested Relief

16.     By this Motion, the Trustee requests entry of an Order authorizing him to return the Erroneous KeyBank Payment and the Erroneous Bank of America Payments (together, the "Erroneous Payments") to their rightful owners.

4

**Applicable Authority**

17.     Section 725 of the Bankruptcy Code states:

> After the commencement of a case under this chapter, but before final distribution of property of the estate under section 726 of this title, <u>the trustee, after notice and a hearing, shall dispose of any property in which an entity other than the estate has an interest</u>, such as a lien, and that has not been disposed of under another section of this title.  [Emphasis added].

18.     Section 363(b) of the Bankruptcy Code authorizes the use of estate property outside of the ordinary course of business after notice and hearing.  Bankruptcy Courts regularly approve requests to use estate property outside of the ordinary course of business so long as a good business justification exists.  See, <u>e.g.</u>, <u>Meyers v. Martin (In re Martin)</u>, 91 F.3d 389, 395 (3d Cir. 1996); <u>Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)</u>, 722 F.2d 1063, 1071 (2d Cir. 1983); <u>In re Phoenix Steel Corp.</u>, 82 B.R. 334, 335-36 (Bankr. D. Del. 1987).

19.     To supplement the Trustee's powers under sections 725 and 363, section 105(a) of the Bankruptcy Code provides that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

**Legal Discussion**

20.     To the extent that his mere possession renders the Erroneous Payments property of the Debtors' estates, the Trustee submits that his return of such funds to their rightful owners is warranted under sections 363(b), 105, and/or 725 of the Bankruptcy Code.

21.     The Trustee is not authorized to operate Monaco's business.  Consequently, the Trustee's proposed "use" (i.e. return) of the Erroneous Payments would be outside of "the ordinary course of business," and therefore subject to section 363(b).

5

22.    The Trustee believes that for purposes of any and all applicable authority, he would best serve the interests of the Debtors' estates by turning over the Erroneous Payments to their rightful owners.  Neither the Trustee nor any of the Debtors have any legal or equitable right to retain the Erroneous Payments, and the Trustee believes that his voluntary relinquishment will save the estates from having to bear the costs of responding to and/or defending against future requests, demands, and/or other attempts to obtain turnover.

## Notice

23.    Notice, together with a copy of this Motion, has been given to (i) the Office of the United States Trustee; (ii) the Debtors' counsel; (iii) KeyBank; (iv) Bank of America; (v) Couler Valley RV; (vi) Arena Trailer Sales; (vii) D&D Retail LP; (viii) Ascot Enterprises, Inc. (ix) Monaco RV, LLC; (x) the Debtors' twenty largest unsecured creditors; and (xi) all parties in interest having requested notice pursuant to Rule 2002.  The Trustee submits that no further notice need be given.

24.    This Motion presents no novel issues of law and accordingly the Trustee respectfully requests that this Court waive the requirements of Local District Court Rule 7.1.2.(a), incorporated into the Local Bankruptcy Rules by reference in Rule 1001-1(b) of the Local Rules of the United States Bankruptcy Court for the District of Delaware, providing for the filing of an Opening Brief and that the legal argument contained herein, if any, be considered in lieu of an Opening Brief.  The Trustee reserves the right to file a Reply Brief, if applicable.

WHEREFORE, the Trustee respectfully requests that the Court: 1) enter an Order in substantially the form attached granting this Motion; and 2) grant such further relief as may be just and proper.

6

Dated:  November 11, 2009

COZEN O'CONNOR

By:    <u>/s/ John T. Carroll, III</u>
        John T. Carroll, III (No. 4060)
        1201 N. Market St., Suite 1400
        Wilmington, DE  19801
        Telephone: (302) 295-2028
        Facsimile: (302) 295-2013

        Counsel to the Trustee, George L. Miller

WILMINGTON\99122\1  260884.000
11/11/09