IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---

| | |
|---|---|
| In re: | Chapter 7 |
| MCC CORPORATION (f/k/a MONACO COACH CORPORATION) *et al.* | Case No. 09-10750 (KJC) |
| Debtors.[1] | Jointly Administered |
| | Related Doc. No. 684 |

## ORDER GRANTING TRUSTEE'S MOTION FOR ORDER APPROVING SALE OF CERTAIN REAL PROPERTY LOCATED IN WARSAW, INDIANA FREE AND CLEAR OF ALL LIENS, CLAIMS, RIGHTS, AND ENCUMBRANCES

Upon consideration of the Motion of George L. Miller, the duly appointed Chapter 7 trustee (the "Trustee") for the estate of MCC Corporation (f/k/a Monaco Coach Corporation), R-Vision, Inc. (the "Debtor") and its affiliated debtors, pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure, for entry of an Order authorizing and approving the sale of the Debtor's right, title, and interest in and to certain real estate located in Warsaw, Indiana to Cass Holdings, LLC (the "Buyer") (the "Motion")[2]; and the Court having reviewed the objections, if any, to the Motion; and sufficient notice having been given; and upon due deliberation, the Court finds the following:

---

[1] The "Debtors" in these cases, along with the last four digits of each Debtors' federal tax identification number, if applicable, are: Monaco Coach Corporation (0244); Signature Motorcoach Resorts, Inc. (8980); Naples Motorcoach Resort, Inc. (1411); Port of the Isles Motorcoach Resort, Inc. (8524); Outdoor Resorts of Las Vegas, Inc. (8478); Outdoor Resorts Motorcoach Country Club, Inc. (1141); Signature Resorts of Michigan, Inc. (4020); La Quinta Motorcoach Resorts, Inc. (9661); R-Vision Holdings L.L.C. (2820); R-Vision, Inc. (3151); R-Vision Motorized, LLC (1985); Bison Manufacturing, LLC (0778) and Roadmaster LLC (5174).

[2] Capitalized terms not otherwise defined herein have the meanings set forth in the Motion.

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The Trustee has articulated reasonable business judgment and has demonstrated good faith for a sale of the Property to the Buyer. The terms of the sale are fair, and the purchase price constitutes reasonably equivalent value for the Property.

C. The sale of the Property will result in the maximization of value for the Estate and, accordingly, the relief requested is in the best interest of the Estate and creditors.

D. The sale was negotiated at arm's length, and the Buyer acted in good faith in all respects. The Buyer is a good faith Buyer for value and is entitled to all protections of section 363(m) of the Bankruptcy Code.

E. The conditions under section 363(f) of the Bankruptcy Code providing for sale of the Property free and clear of any and all liens, claims, rights, encumbrances, and other interests have been satisfied.

F. The notices given to all creditors and parties-in-interest have been timely and adequate as required by the Bankruptcy Code and applicable rules.

G. All findings of fact and conclusions of law made on the record of the hearing on the Motion are incorporated herein by reference. Findings of fact that constitute conclusions of law shall be considered as such and vice versa.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The Motion is granted and the Sale Agreement, which is attached as Exhibit "A" to the Motion, is approved in its entirety.

2. The Trustee is hereby authorized to sell the Property to the Buyer on the terms set forth in the Motion and the Sale Agreement.

3. The Trustee is hereby authorized and directed to take any and all actions, including executing and delivering additional instruments and documents, as may be necessary or appropriate to consummate the transactions contemplated by the Sale Agreement and to comply with its terms.

4. The Trustee is hereby authorized to pay all customary and normal costs of closing, including but not limited to real estate taxes, and all prorations provided under the Sale Agreement.

5. The Trustee is authorized to pay the Broker's Commission of 6% of the purchase price to the Broker at closing from the proceeds of the sale.

6. The Buyer, having negotiated with the Trustee at arm's length and in good faith, and having paid a fair consideration in exchange for the Property, is a good faith buyer entitled to the protections afforded a good faith buyer pursuant to section 363(m) of the Bankruptcy Code.

7. The closing of the sale of the Property may take place at the option of the Trustee and the Buyer even if a party in interest appeals this Order, so long as this Order has not been stayed.

8. At the closing of the sale, all of the Debtor's right, title and interest in and to the Property shall be immediately vested in the Buyer pursuant to sections 363(b) and (f) of the Bankruptcy Code, free and clear of any and all liens, claims, rights, and encumbrances with respect to the Property, whether asserted or unasserted, whether known or unknown, whether arising prior to or subsequent to the commencement of the Debtor's bankruptcy case, whether

imposed by agreement, understanding, law, equity or otherwise, with any such liens, claims, rights, and encumbrances attaching to the sale proceeds with the same validity, priority, and perfection as existed immediately prior to such sale.

9. Pursuant to sections 105(a) and 363 of the Bankruptcy Code, the Court hereby issues a permanent injunction against the holders of any liens, claims, rights, and encumbrances, or other interests against the Debtor with respect to asserting such liens, claims, rights, encumbrances or other interests against the Property or the Buyer.

10. Each and every term and provision of this Order shall be binding in all respects upon the Buyer, the Trustee, the Debtor, the Estate, the Debtor's creditors, all individuals or entities holding an interest in the Debtor, and all other entities and third parties, including, without limitation, any entity purporting to hold liens, claims, rights, and encumbrances against the Property.

11. Nothing contained in any order of any type or kind entered in the Debtor's bankruptcy case, or any related proceedings, subsequent to entry of this Order, shall conflict with or derogate from the provisions of the terms of this Order.

12. This Court retains jurisdiction to:

   a. Interpret, implement and enforce the terms and provisions of this Order;

   b. Resolve any disputes arising under or related to the sale of the Property to the Buyer; and

   c. Adjudicate all issues concerning alleged liens and other claims, rights, and encumbrances and any other alleged interests in and to the Property or the proceeds of the sale, including the extent, validity, enforceability, priority and nature of all such alleged liens or other claims, rights, and

encumbrances, and any other alleged interests relating to the proceeds of the sale.

13. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). The provisions of Bankruptcy Rule 6004(h) staying the effectiveness of this Order are hereby waived, and this Order shall be effective immediately upon entry hereof.

Dated: April 14, 2010

BY THE COURT:

The Honorable Kevin J. Carey
Chief Judge, United States Bankruptcy Court