**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | : Case No. 09-10750 (KJC) |
| MCC (f.k.a. MONACO COACH CORPORATION), *et al.*, | : Chapter 7<br>: Jointly Administered |
| Debtors. | : |
| | : Hearing Date: February 10, 2011 at 11:00 a.m. (ET)<br>: Objection Deadline: February 3, 2011 at 4:00 p.m. (ET) |

**CREDITOR LAZY DAYS' R.V. CENTER, INC.'S
MOTION TO MODIFY THE AUTOMATIC STAY**

Creditor Lazy Days' R.V. Center, Inc. ("Lazy Days") respectfully submits its Motion to Modify the Automatic Stay, and in support hereof, Lazy Days respectfully states as follows:

**INTRODUCTION**

1. Roxanne Rodriguez Leal, individually and on behalf of the estate of her deceased husband, Jose Luis Leal, and as Next Friend of J.L.L. and of J.L.L., III, her minor children (collectively, "Leal Plaintiffs") filed suit in Hidalgo County, Texas, relating to a motor vehicle accident involving a recreational vehicle manufactured by the Debtor (the "Leal Litigation"). Lazy Days is also a defendant in the Leal Litigation because it was the retail dealer of the recreational vehicle. Among other things, the complaint in the Leal Litigation alleges that the recreational vehicle was defectively manufactured by Monaco Coach Corporation ("Monaco" or the "Debtor"). On March 14, 2010, this Court modified the automatic stay as to the Leal Plaintiffs to permit the Leal Litigation to proceed to judgment and to permit payment of any judgment in favor of the Leal Plaintiffs to the extent of the Debtor's available insurance. By this Motion, Lazy Days seeks relief from the automatic stay to permit it, like the Leal Plaintiffs, to

assert claims, including, but not limited to, claims for indemnity and contribution against Monaco, and to recover to the extent of available insurance.

## FACTS

### A. Debtor's Bankruptcy Petition

2. On March 5, 2009 (the "Petition Date"), the Debtor filed a petition for relief under the Bankruptcy Code.

3. Pre-petition, the Debtor produced manufactured homes and recreational vehicle ("RVs") for sale to various dealers in the U.S. Lazy Days was one of the retail dealers of the RVs manufactured by the Debtor.

### B. Texas Leal Litigation

4. On January 1, 2002, the Debtor and Lazy Days entered into a certain Monaco Dealer Contract ("Dealer Agreement") whereby the Debtor appointed Lazy Days as an authorized retail dealer for the sale and service of the RVs manufactured by Monaco. A true and accurate copy of the Dealer Agreement is attached hereto as Exhibit A.

5. On September 28, 2008, the Leal Plaintiffs commenced the Leal Litigation by filing a complaint titled *Leal, et al. v. Tolner, et al.*, Case No. C-2287-08-G, in Hidalgo County, Texas related to a January 28, 2008 motor vehicle accident in which Jose Luis Leal died and which involved a 2003 Monaco RV, VIN No. 1RF13561931024796, a motorhome designed, manufactured, and distributed by the Debtor ("Monaco RV"). In substance, the complaint alleges that the Monaco RV was defectively manufactured.

6. The Leal Plaintiffs named the driver and the passenger of the Monaco RV, Don Tolner and Laura Tolner, as defendants in the Leal Litigation. The Leal Plaintiffs also named Maverick Carriers, LLC ("Maverick") as a defendant. At the time of the accident, Maverick was

4

the employer of Decedent Jose Luis Leal and the owner of the tractor unit driven by Decedent Jose Luis Leal. Finally, the Leal Plaintiffs named as a defendant Sentry Select Insurance Company, the issuer of the underinsured motorist insurance policy covering the January 28, 2008 accident.

7. On January 4, 2010, the Leal Plaintiffs filed their Second Amended Petition (i.e. an amended complaint), naming the Debtor as an additional defendant for its alleged negligence and gross negligence in its design and manufacture of the Monaco RV. Lazy Days also was named as an additional defendant for selling the allegedly defective Monaco RV to Don Tolner and Laura Tolner. A true and correct copy of the Second Amended Petition is attached hereto as Exhibit B.

8. On February 12, 2010, the Leal Litigation was removed to United States District Court for the Southern District of Texas, Case No. 10-cv-00025.

9. Monaco has filed an Answer admitting that it designed, manufactured, and released into the stream of commerce the Monaco RV that is the subject of the Leal Litigation. A true and correct copy of Monaco's Answer to the Second Amended Petition is attached hereto as Exhibit C. *See* Exhibit C, ¶ 3.1.

10. Lazy Days has filed an answer admitting that it sold and delivered the Monaco RV at issue to Don Tolner and Laura Tolner in Florida, which had been previously owned prior to Lazy Days' sale to Don Tolner and Laura Tolner. Lazy Days also asserted the affirmative defense of contribution as to Monaco and Defendants/Cross-Plaintiffs Don Tolner and Laura Tolner. A true and correct copy of Lazy Days' Answer to the Second Amended Petition is attached hereto as Exhibit D. *See* Exhibit D, ¶ 14 and Affirmative Defenses 1 – 14.

## BASIS FOR RELIEF

11. As the seller of Monaco RV and pursuant to the Dealer Agreement and Texas common law, Lazy Days is entitled to a complete defense and indemnity from Monaco, who was the manufacturer of the Monaco RV at issue in the Leal Litigation. *See* Exhibit A, Dealer Agreement, Paragraph 23.1, and Addendum to Dealer Agreement, Paragraph 5.

12. Lazy Days previously filed three proofs of claim prior to the bar date established by this Court in connection with the above-captioned case, Claim Nos. 1006, 2163 and 2164. Claim No. 1006 addressed amounts due under the Dealer Agreement and Texas common law,[1] Claim No. 2163 addressed Lazy Days' claim(s) after the Dealer Agreement was rejected in connection with the Debtors' sale of substantially all of its assets, including certain receivables that were due and owing (motion – Docket No. 118; order – Docket No. 350), and Claim No. 2164 addressed warranty and estimated warranty claims incident to rejection of the Dealer Agreement. Via Claim No. 2163, Lazy Days sought allowance of certain liquidated damages "plus . . . unliquidated damages." *See* Attachment to POC No. 2163. Concurrently with the filing of this motion, Lazy Days has supplemented Claim Nos. 2163 and 2164 by filing a proof of claim against the Debtor in this bankruptcy case for unliquidated damages related to the Debtor's defense, contribution, and indemnity of Lazy Days in the Leal Litigation.

13. On March 14, 2010, this Court granted the Leal Plaintiffs' motion to modify the automatic stay ("Order"). The Order granted the Leal Plaintiffs "relief from the automatic stay to allow the State Court Action to proceed in Texas against Don Tolner, Laura Tolner, Sentry Select Insurance Company, Maverick Carriers, LLC, and Monaco Coach Corporation to

---

[1] The Chapter 7 Trustee objected to Claim No. 1006 (objection – Docket Entry # 528).

settlement or judgment, pursuant to the terms of the Stipulation." A true and accurate copy of the March 14, 2010 order, which includes the Stipulation as an exhibit, is attached as Exhibit E.

14. The Order further allows the Leal Plaintiffs "to recover from the insurance carrier and applicable insurance coverage and proceeds." *See* Exhibit 1 to Exhibit E, ¶ 3.

15. Unless the automatic stay is modified as to Lazy Days, the Leal Litigation will proceed in an inequitable posture where Lazy Days cannot fully defend its rights, insofar as the stay would preclude it from asserting, or collecting against insurance on, valid indemnity and other claims. Such is "cause" within §362(d)(1) to modify the stay. *See In re Rexene Prods. Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) (finding that the "cause" under subsection (d)(l) is not defined, and instead, is determined on a case-by-case basis; also explaining that the legislative history indicates that cause may be established by a single factor such as "a desire to permit an action to proceed . . . in another tribunal," or "lack of any connection with or interference with the pending bankruptcy case"); *see also In re Honosky*, 6 B.R. 667, 669 (Bankr. S.D. W.Va. 1980) (stay modified so that tort plaintiff could proceed with suit against the debtor whose costs were borne by his insurer, and absent stay relief to recover from insurance proceeds, the plaintiff "would be effectively precluded from any recovery for her alleged injuries").

16. Prior to the filing of this Motion, Lazy Days' counsel contacted the Trustee's counsel in an effort to resolve this matter through stipulation. The Trustee's counsel understands that Lazy Days will proceed with this Motion while the parties attempt to agree upon a stipulation granting Lazy Days relief.

7

WHEREFORE, Lazy Days' R.V. Center, Inc. respectfully requests the Court to grant it relief from the stay to permit assertion of claims against Monaco by Lazy Days (including, without limitation, indemnity and contribution), and permit recovery of any judgment to the extent of available insurance, together with such other and further relief as the Court deems just.

Dated: January 11, 2011

CIARDI CIARDI & ASTIN

*[signature]*

Daniel K. Astin (No. 4068)
Joseph J. McMahon, Jr. (No. 4819)
919 N. Market Street, Suite 700
Wilmington, DE 19801
Tel: (302) 658-1100
Fax: (302) 658-1300 facsimile
dastin@ciardilaw.com
jmcmahon@ciardilaw.com

-and-

John Collen, Esq.
Si-Yong Yi, Esq.
Tressler LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606
Tel: 312-627-4000
Fax: 312-627-1717
jcollen@tresslerllp.com
syi@tresslerllp.com