IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| MCC (f/k/a MONACO COACH CORPORATION) *et al* | Case No. 09-10750 (KJC) |
| Debtors.[1] | Jointly Administered |
| GEORGE L. MILLER, CHAPTER 7 TRUSTEE FOR THE ESTATE OF MCC f/k/a MONACO COACH CORPORATION *et al* | **SCHEDULING ORDER** |
| Plaintiff | |
| v. | |

| **DEFENDANTS** | **ADV. NO.** |
|---|---|
| | |
| Alpin Haus Ski Shop Inc. d/b/a Alpin Haus | 11-51132 |
| Aqua-Hot Heating Systems Inc. | 11-51133 |
| Atlas Roofing Company | 11-51135 |
| Bluelinx Corporation | 11-51190 |
| Ceramic Tile Supply NW | 11-51141 |
| Davidson Plyforms Inc., a division of Leggett & Platt | 11-51145 |
| Demontrond Motor Corp. and Demontrond Buick | 11-51147 |
| Dometic Corporation | 11-51148 |
| Federal Express Corporation d/b/a FedEx Freight East Inc. a/d/b/a Fedex Corporation | 11-51151 |
| Kosciusko Rural Electric Membership Corporation d/b/a Kosciusko REMC | 11-51192 |
| Marquette Commercial Finance Inc. and MCD Innovations, Inc. d/b/a Motor Coach Designs a/d/b/a MCD RV Accessories | 11-51156 |
| McMahons RV Inc. | 11-51157 |
| Nassau Pools Construction Inc. | 11-51158 |

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification number, if applicable, are: Monaco Coach Corporation (0244); Signature Motorcoach Resorts, Inc. (8980); Naples Motorcoach Resort, Inc. (1411); Port of the Isles Motorcoach Resort, Inc. (8524); Outdoor Resorts of Las Vegas, Inc. (8478); Outdoor Resorts Motorcoach Country Club, Inc. (1141); Signature Resorts of Michigan, Inc. (4020); La Quinta Motorcoach Resorts, Inc. (9661); R-Vision Holdings L.L.C. (2820); R-Vision, Inc. (3151); R-Vision Motorized, LLC (1985); Bison Manufacturing, LLC (0778) and Roadmaster LLC (5174).

| NXT Company LLC | 11-51179 |
| --- | --- |
| Onan Corp. | 11-51160 |
| Poage Engineering & Surveying, Inc. | 11-51163 |
| Postle Distributors, Inc. d/b/a Postle Aluminum Co - Northwest | 11-51165 |
| The Buntin Group | 11-51172 |
| United Parcel Service of America, Inc. d/b/a United Parcel Service a/d/b/a UPS a/d/b/a UPS Supply Chain Solutions a/d/b/a UPS Freight | 11-51180 |
| Veolia Environmental Services North America Corp. d/b/a Veolia ES Solid Waste Midwest LLC | 11-51188 |
| Villa Furniture Manufacturing Co. d/b/a Villa International | 11-51183 |
| Walgreen Co. d/b/a Walgreen Health Initiatives Inc. | 11-51189 |
| Williamsburg Furniture Inc. | 11-51191 |
| Williamsburg Furniture Inc. | 11-51196 |

## **SCHEDULING ORDER**

To promote the efficient and expeditious disposition of adversary proceedings, the following schedule shall apply to each of the above-captioned adversary proceedings.

**IT IS HEREBY ORDERED** that:

1. Any extension of time to file a responsive pleading is not effective unless approved by Order of the Court. Any motion for extension of time to file a responsive pleading or stipulated order for such an extension must be filed with the Court no later than ten (10) days before the Initial Scheduling Conference in the adversary proceeding.

2. The discovery planning conference described in Fed.R.Civ.P. 26(f), made applicable by Fed.R.Bankr.P. 7026, shall take place no later than thirty (30) days after the date of this Order.

3. The parties shall provide the initial disclosures under Fed.R.Civ.P. 26(a)(1) no later than fourteen (14) days after the discovery planning conference. Any extension of the deadline to provide initial disclosures must be by Order of the Court and will only be granted for good cause shown.

4. All fact discovery shall be completed no later than one hundred and twenty days (120) after the date of this Order.

5. Any expert report required pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) shall be served by the party which bears the burden of proof for that issue, not including any report by Plaintiff on insolvency of the Debtor, no later than one hundred forty (140) days after the date of this Order. If the Defendant intends to provide expert testimony regarding the insolvency of the Debtors, any such expert report must be provided no later than one hundred forty (140) days after the date of this Order. Any expert report by Plaintiff on the insolvency of the Debtors, as well as any Parties' expert report intended to rebut any other expert report, shall be provided no later than one hundred sixty (160) days after the date of this Order. The Defendant shall provide any expert report intended to rebut any report on insolvency by Plaintiff within one seventy (170) days after the date of this Order. All reports shall provide the information required by Fed.R.Civ.P. 26(a)(2)(B). All expert discovery shall be completed, and discovery shall close, no later than one hundred eighty (180) days after the date of this Order.

6. Pursuant to the General Order Regarding Procedures in Adversary Proceedings entered by the Honorable Mary F. Walrath on April 7, 2004, no later than one hundred twenty (120) days after the date of this Order the parties shall file a Stipulation Regarding Appointment of a Mediator or a statement that the parties cannot agree on a mediator and a request that the Court select and appoint a mediator to the proceeding.

7. Within sixty (60) days after the entry of an Order Assigning the Adversary Proceeding to Mediation, the mediator shall either (a) file the mediator's certificate of completion, or, (b) if the mediation is not concluded, file a status report that provides the projected schedule for completion of the mediation.

8. All dispositive motions shall be filed and served no later than fifteen (15) days after the close of all discovery and shall be subject to Rule 7007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

9. The parties shall comply with the General Order Governing Pretrial Procedures in Adversary Proceedings Set for Trial Before Judge Kevin J. Carey. The parties shall file, no later than three (3) business days prior to the date set for Trial, their Joint Pretrial Memorandum approved by all counsel and shall contemporaneously deliver two (2) copies thereof to Judge Carey's chambers.

10. The Order Assigning the Adversary Proceeding to Mediation shall set the adversary proceeding for trial ninety (90) days after the entry of the Order, or as soon thereafter as the Court's calendar permits.

11. The Plaintiff shall immediately notify Chambers upon the settlement, dismissal or other resolution of any adversary proceeding subject to this Order and shall file with the Court appropriate evidence of such resolution as soon thereafter as is feasible. The Plaintiff shall file a status report forty-five (45) days after the date of this Scheduling Order, each forty-five (45) days thereafter, and thirty (30), twenty (20), and ten (10) days prior to trial, setting out the status of each unresolved adversary proceeding subject to this Order. Plaintiff shall immediately advise Chambers, in writing, of any occurrence or circumstance which Plaintiff believes may suggest or necessitate the adjournment or other modification of the trial setting.

12. Deadlines contained in this Scheduling Order may be extended only by the Court and only upon written motion for good cause shown.

13. The Plaintiff shall serve this Scheduling Order on each Defendant within five (5) business days after the entry of this Order.

_____
HONORABLE KEVIN J. CAREY
CHIEF UNITED STATES BANKRUPTCY
JUDGE

Dated: _June 8_ 2011
Wilmington, DE