IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------- x
In re:                                              :    Chapter 7
                                                    :
MCC (f/k/a MONACO COACH                             :    Case No. 09-10750 (KJC)
CORPORATION) *et al.*                               :    Jointly Administered
                                                    :
                         Debtors.[1]                :    Hearing Date: September 15, 2011 at 1:00 p.m.
                                                    :    Objection Deadline: September 8, 2011 at 4:00 p.m.
----------------------------------------------------------- x

**TRUSTEE'S MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY
PROCEDURE 9019 FOR ENTRY OF ORDER APPROVING SETTLEMENT WITH
RICHARD K. WATSON, MCC (F/K/A MONACO COACH CORPORATION) ET AL
AND THE HARTFORD INSURANCE COMPANY**

George L. Miller, the Chapter 7 Trustee (the "Trustee") for the estate of MCC (f/k/a Monaco Coach Corporation) et al (the "Estate" of the "Debtor"), hereby moves this Court pursuant to Federal Rule of Bankruptcy Procedure 9019 for entry of an order: (i) authorizing him to settle (the "Settlement") certain claims allegedly possessed against the Debtor by former employee Richard K. Watson ("Mr. Watson") according to the terms of a certain Agreed Statement of Facts and Stipulation for Settlement, attached hereto, incorporated herein and marked as Exhibit "A" (the "Settlement Agreement"); (ii) authorizing the Trustee to enter into the Settlement Agreement with Mr. Watson and The Hartford Insurance Company as Carrier for the Debtor ("Hartford" or "Carrier"); and (iii) approving the Settlement Agreement. In support, the Trustee respectfully states:

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification number, if applicable, are: Monaco Coach Corporation (0244); Signature Motorcoach Resorts, Inc. (8980); Naples Motorcoach Resort, Inc. (1411); Port of the Isles Motorcoach Resort, Inc. (8524); Outdoor Resorts of Las Vegas, Inc. (8478); Outdoor Resorts Motorcoach Country Club, Inc. (1141); Signature Resorts of Michigan, Inc. (4020); La Quinta Motorcoach Resorts, Inc. (9661); R-Vision Holdings L.L.C. (2820); R-Vision, Inc. (3151); R-Vision Motorized, LLC (1985); Bison Manufacturing, LLC (0778) and Roadmaster LLC (5174).

## Jurisdiction and Venue

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

### A. The Debtor's Bankruptcy Case

2.      On March 5, 2009, the Debtors filed a voluntary petition under chapter 11 of the Bankruptcy Code. On June 29, 2009, the Court entered an order converting the chapter 11 case to a chapter 7 case. On or about June 30, 2009, the Office of the United States Trustee appointed George L. Miller to serve as the Chapter 7 Trustee for the Debtors' estates (the "Estates"), and Mr. Miller continues to serve as the Trustee.

3.      The Debtors were producers of motorhomes and recreational vehicles in the United States. They were headquartered in Coburg, Oregon, operated manufacturing facilities in Oregon and Indiana, operated motor home resorts in California, Florida, Nevada, and Michigan, and owned undeveloped land in Riverside County, California.

### B. Mr. Watson's Alleged Claims

4.      On or about April 10, 2007, while engaged in his duties as an employee of the Debtor, Mr. Watson sustained a left knee injury (the "2007 Accident"). A second claim was filed by Mr. Watson for cumulative and repetitive trauma to his left knee culminating on an injury date of September 1, 2008 (the "2008 Accident"). Mr. Watson's injury, medical treatment, and alleged suffering are described in detail in the Settlement Agreement, which is attached as Exhibit "A" to this Motion. The Trustee hereby incorporates the Settlement Agreement by reference.

2

5. Mr. Watson, the Debtor, and Hartford agreed to fully and finally resolve, pursuant to the terms of the Settlement Agreement, any and all claims that Mr. Watson may possess under applicable workers' compensation law regarding the 2007 Accident and 2008 Accident. Under the Settlement Agreement, *inter alia*, Mr. Watson would receive the lump sum payment of $94,000.00 "Settlement Amount") in exchange for his granting the Debtor and Hartford releases.[2]

6. Hartford, which was Debtors' insurance carrier at all relevant times, shall pay the entire Settlement Amount. The Debtor would pay nothing.

### Relief Requested

7. By this Motion, the Trustee respectfully requests that the Court enter an Order substantially in the form attached: (i) authorizing him to settle Mr. Watson's alleged workers' compensation claims against the Debtor according to the terms of the Settlement Agreement; (ii) authorizing the Trustee on behalf of the Debtors' estate to enter into the Settlement Agreement with Mr. Watson and Hartford; (iii) approving the Settlement Agreement; and (iv) granting relief from the automatic stay of 11 U.S.C. Section 362 to the extent necessary to permit the Carrier to make payment pursuant to the Settlement Agreement.

### Applicable Authority

8. The Court has authority to grant the relief requested in this Motion pursuant to 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 9019. Section 105(a) provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of

---

[2] The Settlement Agreement is subject to approval by the Worker's Compensation Board of Indiana. If the Court grants this Motion, counsel for Hartford and the Debtor would, at no cost to the Estate, present the Settlement Agreement for such approval.

this title." Bankruptcy Rule 9019 grants the Court authority to approve settlements of claims and controversies after notice and a hearing.

9.  The United States Court of Appeals for the Third Circuit has emphasized that "to minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'" Myers v. Martin (In re Martin), 91 F. 3d 389, 393 (3d Cir. 1996) (quoting 9 Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)).

10.  Before approving a settlement under Rule 9019, a court must determine whether "the compromise is fair, reasonable, and in the interests of the estate." In re Marvel Entertainment Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) (quoting In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997)). To reach such a determination, the court must assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the settlement. Martin, 91 F.3d at 393. In striking this balance, the court should consider the following factors:

(a)  The probability of success in the litigation;

(b)  The complexity, expense and likely duration of the litigation;

(c)  The possibilities of collecting on any judgment which might be obtained;

(d)  All other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise; and

(e)  Whether the proposed compromise is fair and equitable to the debtors, their creditors, and other parties in interest.

Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-425 (1968); see also Martin, 91 F.3d at 393. Basic to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." TMT Trailer Ferry, 390 U.S. at 425. The TMT rule does not require the

Court to hold a full evidentiary hearing before a compromise can be approved, rather, the Court's obligation is "to canvas the issues and see whether the settlement 'falls below the lowest point in a range of reasonableness.'" 10 Collier on Bankruptcy, ¶ 9019.2, 9019-4 (15th ed.) (quoting In re Drexel Lambert Group, Inc., 134 B.R. 493 (Bankr. S.D.N.Y. 1991)); see also Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983), cert. denied, 464 U.S. 822 (1983).

## Analysis

11.     When considering the merits of settling Mr. Watson's alleged workers' compensation claims, the Trustee focused on: (i) the fact that Hartford and not the Estate, would pay the entire Settlement Amount; (ii) the uncertainty inherent in engaging in any further negotiation or litigation with Mr. Watson and (iii) the fairness of the Settlement Agreement to all parties in interest.

12.     The Settlement Agreement would fully and finally resolve any and all workers' compensation claims that Mr. Watson may possess against the Debtor related to the 2007 Accident and the 2008 Accident, and the Estate would not have to pay any portion of the settlement. The Estate stands to gain a material benefit at no cost.

13.     Consequently, the Trustee believes that entering into the Settlement Agreement is clearly in the Estate's best interest under the standards described above, and submits that the Court should grant the relief requested in this Motion.

**Notice**

14.     Notice of this Motion has been given to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Debtors' counsel; (iii); Counsel to Hartford; (iv) Counsel to Richard Watson; and (v) all parties that have requested such notice pursuant to Bankruptcy Rule 2002 as of this date. In light of the nature of the relief requested herein, the Trustee submits that no other or further notice need be given.

WHEREFORE, the Trustee respectfully requests that the Court enter an order substantially in the attached form: (i) authorizing him to settle Mr. Watson's alleged workers' compensation claims against the Debtor according to the terms of the Settlement Agreement; (ii) authorizing him to enter into the Settlement Agreement with Mr. Watson and Hartford; (iii) approving the Settlement Agreement; (iv) granting relief from the automatic stay of 11 U.S.C. Section 362 to the extent necessary to permit the Carrier to make payment pursuant to the Settlement Agreement; and (v) granting such further relief as may be appropriate.

Dated: August 11, 2011

COZEN O'CONNOR

/s/ John T. Carroll, III
_____
John T. Carroll, III (No. 4060)
1201 N. Market Street, Ste. 1400
Wilmington, DE 19801
(302) 295-2028
(302) 295-2013 Fax No.
jcarroll@cozen.com

*Counsel for George L. Miller,*
*Chapter 7 Trustee*