# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| MCC (f/k/a Monaco Coach Corporation) *et al.*,[1] | Case No. 09-10750 (KJC) |
| Debtor | (Jointly Administered) |
| George L. Miller, Chapter 7 Trustee for the Bankruptcy Estate of MCC (f/k/a Monaco Coach Corporation) | **Objection Date: September 8, 2011 at 4:00 p.m.** **Hearing Date: September 15, 2011 at 1:00 p.m.** |
| Plaintiff | |
| v. | |

| DEFENDANTS | ADV. NO. |
|---|---|
| Accountemps, a division of Robert Half International | 11-51131 |
| Adorn LLC, a Division of Patrick Industries, Inc. d/b/a Patrick Industries, Inc. | 11-51174 |
| Demartini Auto & RV Sales, Inc. | 11-51146 |
| Demontrond Motor Corp. and Demontrond Buick | 11-51147 |
| Ed Staub & Sons Petroleum, Inc. | 11-51149 |
| Eugene Welders Supply | 11-51150 |
| Patrick Industries Inc. | 11-51162 |
| Powell & Pearson LLP | 11-51166 |
| REM Industries, Inc. | 11-51168 |

## TRUSTEE'S FIRST MOTION FOR AN ORDER APPROVING SETTLEMENTS PURSUANT TO FED. R. BANKR. P. 9019

George L. Miller, Trustee (the "Trustee") for the Estates of MCC (f/k/a Monaco Coach

Corporation) *et al* (the "Debtor" or "Estate"), hereby moves this Court for entry of an Order

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification number, if applicable, are: Case No. 09-10750 MCC f/k/a Monaco Coach Corporation (0244); Case No. 09-10751 Signature Motorcoach Resorts, Inc. (8980); Case No. 09-10752 Naples Motorcoach Resort, Inc. (1411); Case No. 09-10753 Port of the Isles Motorcoach Resort, Inc. (8524); Case No. 09-10754 Outdoor Resorts of Las Vegas, Inc. (8478); Case No. 09-10755 Outdoor Resorts Motorcoach Country Club, Inc. (1141); Case No. 09-10756 Signature Resorts of Michigan, Inc. (4020); Case No. 09-10757 La Quinta Motorcoach Resorts, Inc. (9661); Case No. 09-10758 R-Vision Holdings L.L.C. (2820); Case No. 09-10759 R-Vision, Inc. (3151); Case No. 09-10760 R-Vision Motorized, LLC (1985); Case No. 09-10761 Bison Manufacturing, LLC (0778) and Case No. 09-10762 Roadmaster LLC (5174).

Approving Settlements Pursuant to Fed. R. Bankr. P. 9019 (the "Motion"), and in support thereof, states as follows:

## JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (O).

2. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief sought herein are Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. The statutory predicate for the relief sought herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

4. The Debtors commenced these bankruptcy cases on March 5, 2009 (the "Petition Date"), by the filing of voluntary petitions for relief under chapter 11 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). On or about March 10, 2009, an Order was entered by the Court jointly administering the above-captioned bankruptcy cases.

5. On June 30, 2009, the bankruptcy cases were converted to a case under chapter 7 of the Bankruptcy Code. On or about the same date, George L. Miller was appointed by the Office of the United States Trustee to serve as the duly qualified Chapter 7 Trustee for the estates of the Debtors.

## RELIEF REQUESTED

6. In accordance with his duties under the Bankruptcy Code, the Trustee reviewed the Debtors' financial books and records and investigated the estates' potential causes of action

to avoid transfers pursuant to 11 U.S.C. § 547 and to recover property transferred pursuant to 11 U.S.C. § 550.

7. After reviewing the Debtor's books and records, the Trustee identified approximately 280 potential defendants who may have received preferential transfers (the "Potential Defendants") and the Trustee issued a demand letter to the Potential Defendants seeking to recover alleged preferential payments (the "Alleged Transfers") under 11 U.S.C. §§ 547 and 550 made by one or more of the Debtors to the Potential Defendants on or within ninety (90) days of the Petition Date. As a result of the demand letter having been issued to the Potential Defendants, the Trustee has settled the Alleged Transfers against 38 Potential Defendants prior to an adversary proceeding having been filed subject to Bankruptcy Court approval which is more fully set forth in Exhibit "A" attached hereto and incorporated herein.

8. Additionally the Trustee initiated certain adversary actions pursuant to 11 U.S.C. §§ 547 and 550 (collectively, the "Avoidance Actions"). The Trustee has settled subject to Bankruptcy Court approval certain Avoidance Actions against 9 of the defendants subject to the Avoidance Actions (the "Defendants"). A list containing the name of each Potential Defendant and each of the Defendants, the total transfers claimed against each Potential Defendant and each of the Defendants, the amount paid or to be paid by each Potential Defendant and each of the Defendants to the Trustee in settlement of each of the claims made relating to the Alleged Transfers and/or asserted in the Avoidance Actions is attached hereto as Exhibit "A".

9. To date, the Trustee has not obtained Bankruptcy Court approval for any of the settlements made relating to Alleged Transfers and/or asserted in the Avoidance Actions.

**BASIS FOR RELIEF REQUESTED**

10. By this Motion, the Trustee seeks approval of the settlements of the claims made

relating to the Alleged Transfers and/or asserted in the Avoidance Actions listed on Exhibit "A" attached hereto pursuant to Fed. R. Bankr. P. 9019. Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor . . . and to any other entity as the court may direct. Fed. R. Bankr. P. 9019(a); see also Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996).

11.    The Trustee is obligated to maximize the value of the estate and make his decisions in the best interests of all of the creditors of the estate. Id. at 394. The Trustee believes, in his business judgment, the settlement of the claims made related to the Alleged Transfers and/or asserted in the Avoidance Actions against the Potential Defendants as well as the Defendants listed on Exhibit "A" hereto is in the best interests of the estate and all creditors, especially in light of the cost, uncertainty and delay of litigation. Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. Id. at 395.

12.    In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Id. at 393. In striking this balance, the Court should consider "(i) the probability of success in the litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors." Id. A review of these four factors demonstrates that the settlements of the claims made relating to the Alleged Transfers and/or asserted in the Avoidance Actions against the Potential Defendants and the Defendants are in the best interests of the estate and all of the

creditors, reasonable and within the Trustee's sound business judgment. When considering the merits of the settlements, the Trustee focused on: (i) the expenses the Estate would incur in prosecuting the claims made related to the Alleged Transfers and/or asserted in the Avoidance Actions against the Potential Defendants as well as the Defendants due to delay in any final adjudication of the matter; (ii) the probability of success in prosecuting the claims and/or actions in light of the asserted defenses and the costs associated with collection of any judgment; and (iii) the fairness of the proposed settlement to all the parties in interest. Accordingly, the Trustee is confident that the settlements meets the standards set forth in In re Martin, Id. at 395; Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-425 (1968).

13. The settlement of the claims made relating to the Alleged Transfers and/or asserted in the Avoidance Actions will eliminate the potentially high costs of litigation and the uncertainty of success in light of the possible defenses.

14. The Trustee respectfully represents the compromises reached with the Potential Defendants and the Defendants are fair, reasonable, and in the best interest of the creditors and the Debtor. The Trustee likewise believes the settlements and compromises are fair and equitable, and founded on the exercise of sound business judgment by the Trustee without the Trustee expending significant estate resources litigating such claims.

**NOTICE**

15. Notice of this Motion has been given, inter alia, to: (i) the United States Trustee for the District of Delaware, (ii) Debtors' counsel, (iii) the Potential Defendants and Defendants and/or their counsel if known (iv) top twenty (20) unsecured creditors of the Debtor, and (v) all parties that have requested such notice pursuant to Bankruptcy Rule 2002 as of this date. In light

of the nature of the relief requested herein, the Trustee submits that no other or further notice need be given.

## **CONCLUSION**

**WHEREFORE**, the Trustee respectfully requests that this Court enter the attached Order granting the Trustee's First Motion Approving Settlements against the Potential Defendants and the Defendants set forth on Exhibit "A" attached hereto; and granting such other and further relief as the Court deems just and equitable.

Dated: August 23, 2011
      Wilmington, Delaware

COZEN O'CONNOR

By: */s/ Damien N. Tancredi*
John T. Carroll, III, Esquire (No. 4060)
Damien Nicholas Tancredi (No. 5395)
1201 N. Market Street
Suite 1400
Wilmington, DE  19801
(302) 295-2028
(302) 295-2013 Fax
jcarroll@cozen.com
dtancredi@cozen.com

Attorneys for George L. Miller,
Chapter 7 Trustee