IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| **In re:** | Chapter 7 |
| **MCC CORPORATION (f/k/a MONACO COACH CORPORATION)** *et al.* | Case No. 09-10750 (KJC) |
| | Jointly Administered |
| Debtors.[1] | Hearing Date: October 20, 2011 at 1:30 p.m. |
| | Objection Deadline: October 13, 2011 at 4:00 p.m. |

### TRUSTEE'S MOTION FOR AUTHORIZATION TO ASSIGN A JUDGMENT, FORBEARANCE AGREEMENT AND DEED OF TRUST HELD BY THE TRUSTEE TO RP LEASING GROUP

George L. Miller, the Chapter 7 Trustee (the "Trustee") for the estates of the above-captioned debtors (the "Estates" of the "Debtors"), hereby files this motion (the "Motion") for an Order to allow the Trustee to assign a judgment to RP Leasing Group (the "Buyer") pursuant to the Agreement for Assignment of Judgment, Forbearance Agreement and Deed of Trust a copy of which is attached hereto, incorporated herein and marked as Exhibit "A", and in support thereof avers the following:

#### Jurisdiction and Venue

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification number, if applicable, are: Monaco Coach Corporation (0244); Signature Motorcoach Resorts, Inc. (8980); Naples Motorcoach Resort, Inc. (1411); Port of the Isles Motorcoach Resort, Inc. (8524); Outdoor Resorts of Las Vegas, Inc. (8478); Outdoor Resorts Motorcoach Country Club, Inc. (1141); Signature Resorts of Michigan, Inc. (4020); La Quinta Motorcoach Resorts, Inc. (9661); R-Vision Holdings L.L.C. (2820); R-Vision, Inc. (3151); R-Vision Motorized, LLC (1985); Bison Manufacturing, LLC (0778) and Roadmaster LLC (5174).

## Background

2. On March 5, 2009, the Debtors each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Cases").

3. On or about March 10, 2009, an Order was entered by the United States Bankruptcy Court for the District of Delaware (the "Court") jointly administering the Bankruptcy Cases.

4. On June 30, 2009, the Bankruptcy Cases were converted from cases under chapter 11 of the Bankruptcy Code to a case under chapter 7 of the Bankruptcy Code. On or about the same day, George L. Miller was appointed by the Office of the United States Trustee to serve as the duly qualified Chapter 7 Trustee for the estates of the Debtors.

5. Approximately three years prior to the Bankruptcy Cases, on or about June 19, 2006, the Superior Court for the State of Alaska, Third Judicial Circuit at Anchorage, Case No. 3AN 06-4226 CI, entered a default judgment against defendants Johnson Dealerships, Inc., James E. Johnson and Darcy Steger in the amount of $167,824.65 plus interest (hereinafter the "Default Judgment") in favor of Monaco Coach Corporation. A true and correct copy of the Default Judgment is attached as Exhibit "B."

6. Darcy Steger and Monaco Coach Corporation entered into a Forbearance Agreement on October 19, 2006 (the "Forbearance Agreement"), in which Darcy Steger agreed to pay Monaco Coach Corporation a sum of $5,000.00 per month until the Default Judgment was paid entirely. A true and correct copy of the Forbearance Agreement is attached as Exhibit "C."

7. The Forbearance Agreement was, and remains, secured by a Deed of Trust executed by Richard Steger and Darcy Steger as trustors to Alyeska Title Guaranty as trustee and

Monaco Coach Corporation as beneficiary, (the "Deed of Trust," together with the Default Judgment and the Forbearance Agreement, the "Property Interests") conveying certain real property that includes, *inter alia*, Lot 93, S-1/3 E/1/2, US Survey 3042, T10N, R2F, Section 19, Seward Meridian, Anchorage Recording District, Third Judicial District, State of Alaska (the "Property"). A true and correct copy of the Deed of Trust is attached as Exhibit "D."

8. The Deed of Trust is recorded in the Anchorage, Alaska Recording District Third Judicial District, State of Alaska at Instrument Number 2006-069427-0.

9. Shortly after its execution, Darcy and Richard Steger defaulted on the Forbearance Agreement. The Deed of Trust remains a valid lien on the Property. The Trustee, in his capacity as trustee to the estate of the successor-in-interest of Monaco Coach Corporation, currently possesses rights in the Property Interests.

10. Based upon information and belief, the Municipality of Anchorage ("Anchorage") foreclosed upon the Property due to unpaid taxes accrued against the Property on May 11, 2009. Pursuant to Alaska Statute, as of October 26, 2010, the Trustee's rights in the Property Interests were extinguished.

11. Richard Steger, as a former record owner of the Property, had the right to redeem the foreclosure and take title to the Property by settling any tax liability owed to Anchorage. In the event that such a redemption occurred, the title to the Property would revert back to Richard Steger and all previous liens would then again become enforceable.

12. In reliance upon an agreement in principle between Richard Steger and the Trustee, Richard Steger has paid the tax liability owed to Anchorage and now has title to the Property, subject to any liens upon the Property when Anchorage foreclosed, including the liens held by the Trustee by virtue of the Property Interests

3

13. It is understood that Buyer will transfer a portion of the profits realized by the sale contemplated in this Motion to Richard Steger.

14. Buyer has agreed to pay the Trustee $20,000 in consideration for the Trustee's rights in the Property Interests (the "Consideration") and the Buyer has agreed to undertake all expense and efforts required to clear title to the Property.

## Relief Requested

15. The Trustee requests an order, substantially in the form submitted hereto as Exhibit "E" pursuant to 11 U.S.C. § 363(b) granting him authority to execute the Agreement for the Assignment of Judgment, Forbearance Agreement, and Deed of Trust.

## Applicable Authority

**The Sale of the Debtors' Assets is Authorized by Section 363 as a Sound Exercise of the Debtors' Business Judgment.**

16. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." Courts have held that proposed sales of property pursuant to section 363(b) should be approved upon a finding that the decision to enter into the transaction represents a reasonable business judgment. See, e.g., In re Delaware & Hudson Ry. Co., 124 B.R. 169, 176 (Bankr. D. Del. 1991) (holding that a court must be satisfied that there is a "sound business reason" justifying sale of assets); In re Phoenix Steel Corp., 82 B.R. 334, 335 (Bankr. D. Del. 1987) (stating that the elements necessary for approval of a section 363 sale are "that the proposed sale is fair and equitable, that there is a good business reason for completing the sale and the transaction is in good faith").

17. Sales of property outside of the ordinary course of business may be by private sale, as opposed to public auction. See Bankruptcy Rule 6004(f)(1).

4

18. The Trustee believes that the sale of the Property Interests represents a prudent and proper exercise of the Trustee's business judgment and is supported by concrete business reasons. Prior to the Agreement that is the subject of this motion, the Property Interests had little to no value. The liens associated with the Property Interests were extinguished when Anchorage foreclosed upon its tax lien. Only in reliance upon the contemplated sale of the Property Interests did Richard Steger exercise his right of redemption and reestablish title to the Property, which had the effect of revalidating the Trustee's Property Interests.

19. The Consideration is reasonable and the result of good faith, arm's length negotiation between the Trustee and the Buyer. After initially receiving the offer to sell the Property Interests, the Trustee undertook an informal process to attempt to ascertain the fair market value of the Property. The Trustee came to learn that the Property is an undeveloped parcel situated near the Cook Inlet without sewage or utility service. Based upon tax records and information provided by real estate professionals familiar with Anchorage property values, the Trustee believes the Property has a fair market value of approximately $40,000.00. The value of the Property Interests are reduced by the fact that before a buyer could retain value from the property, it would need to foreclose upon the Deed of Trust and submit the Property to public sale. The Trustee believes that it would be improbable to receive more than the Consideration offered by the Buyer given these factors.

20. The Trustee has reason to favor proceeding by way of private sale. No other potential buyer has expressed an interest in purchasing the Property Interests. Also, after the Property Interests are sold, the buyer will then be responsible to foreclose upon those Property Interests and subject the Property to public sale. When one considers the significant expense and effort that must be undertaken following a sale of the Property Interests to acquire value from

them, there is no reason to assume the additional cost of establishing bidding procedures would be offset by a higher sale.

**The Trustee Requests that the Buyer be Afforded the Protections of Section 363(m).**

21. Section 363(m) of the Bankruptcy Code provides:

> The reversal or modification on appeal of an authorization under subsection (b) and (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

22. Mindful of this statutory provision, the United States Court of Appeals for the Third Circuit has directed that when a bankruptcy court authorizes a sale of assets pursuant to section 363(b), it is required to make a finding with respect to the "good faith" of the Buyer. See In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143, 150 (3d Cir. 1986). The Court of Appeals defined "good faith" under section 363(m) as "encompass[ing] one who purchases in 'good faith' and for 'value'". Id. at 147.

23. The Sale Agreement is the result of arm's length negotiations between the Trustee and the Buyer, and is not in any way tainted by fraud, collusion, or bad faith. Accordingly, the Trustee submits that providing the Buyer with the "good faith" protections of section 363(m) is warranted.

**The Trustee requests that his proposed notice be deemed adequate.**

24. Under Bankruptcy Rule 2002(a) and (c), the Trustee is required to notify creditors of the terms and conditions of the sale and the objection deadline. The Trustee respectfully submits that this Motion, which contains the type of information required under Bankruptcy Rule 2002(c), will enable interested parties to participate in the sale hearing if they so choose.

25.   The Trustee shall promptly serve a copy of the Motion, including all attachments, by first-class United States mail, upon: (a) the Office of the United States Trustee, (b) counsel for the Debtor, (c) the Buyer, (d) the Debtor's twenty largest unsecured creditors as identified in the Bankruptcy Schedules, and (e) all parties in interest who requested notice pursuant to Bankruptcy Rule 2002.

26.   The Trustee submits that this notice constitutes good and adequate notice of the sale and related proceedings (including, but not limited to, the sale hearing). Therefore, the Trustee respectfully requests that this Court approve the foregoing notice procedures.

### No Prior Request

27.   No prior request for the relief sought herein has been requested from this Court or any other court.

### Notice

28.   Notice of this Motion has been provided in accordance with the notice procedures set forth above.

WILMINGTON\136044\3 260884.000

**WHEREFORE**, the Trustee respectfully requests that the Court grant the relief requested in this Motion and grant the Trustee such other and further relief as this Court deems just and proper.

Date: September 22, 2011

COZEN O'CONNOR

By: /s/ *Damien N. Tancredi*
John T. Carroll, III (DE No. 4060)
Damien Nicholas Tancredi (DE No. 5395)
1201 North Market Street
Suite 1400
Wilmington, DE 19801
302-295-2000 Phone
302-295-2013 Fax No.
jcarroll@cozen.com
dtancredi@cozen.com

Counsel for the Chapter 7 Trustee,
George L. Miller

8