IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| MCC (f/k/a MONACO COACH CORPORATION) *et al* | : | Case No. 09-10750 (KJC) |
| | : | |
| | : | Jointly Administered |
| Debtors. [1] | : | |
| | : | **Hearing Date:** December 20, 2011 at 11:00 a.m. |
| | : | |
| _____ | : | **Objection Date:** October 28, 2011 at 4:00 p.m. |

**MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. SECTIONS 105(a) AND 345
(I) AUTHORIZING THE CHAPTER 7 TRUSTEE TO INVEST ESTATE FUNDS AND
(II) GRANTING RELATED RELIEF**

George L. Miller, Chapter 7 Trustee (the "Trustee") for the estates of the above-captioned debtors (collectively, the "Debtor's Estates"), by and through undersigned counsel, Cozen O'Connor, hereby files this motion (the "Motion") for an order, pursuant to Sections 105(a) and 345 of Title 11 of the United States Code (the "Bankruptcy Code"), (i) authorizing the Trustee to invest estate funds, and (ii) granting related relief. In support of this Motion, the Trustee represents as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification number, if applicable, are: Case No. 09-10750 MCC f/k/a Monaco Coach Corporation (0244); Case No. 09-10751 Signature Motorcoach Resorts, Inc. (8980); Case No. 09-10752 Naples Motorcoach Resort, Inc. (1411); Case No. 09-10753 Port of the Isles Motorcoach Resort, Inc. (8524); Case No. 09-10754 Outdoor Resorts of Las Vegas, Inc. (8478); Case No. 09-10755 Outdoor Resorts Motorcoach Country Club, Inc. (1141); Case No. 09-10756 Signature Resorts of Michigan, Inc. (4020); Case No. 09-10757 La Quinta Motorcoach Resorts, Inc. (9661); Case No. 09-10758 R-Vision Holdings L.L.C. (2820); Case No. 09-10759 R-Vision, Inc. (3151); Case No. 09-10760 R-Vision Motorized, LLC (1985); Case No. 09-10761 Bison Manufacturing, LLC (0778) and Case No. 09-10762 Roadmaster LLC (5174).

2.      Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested in this Motion are Sections 105(a) and 345 of the Bankruptcy Code.

## BACKGROUND

4.      On March 5, 2009, the Debtors filed a voluntary petition under chapter 11 of the Bankruptcy Code (the "Petition Date").

5.      On June 29, 2009, the Court entered an order converting the chapter 11 case to a chapter 7 case and the Office of the United States Trustee appointed George L. Miller to serve as the Chapter 7 Trustee for the Debtor's Estates.

6.      Pursuant to the applicable rules set forth by the United States Trustee for Region 3 ("UST"), the Trustee maintains all estate cash (the "Estate Funds") for all estates in which he serves as Chapter 7 Trustee at a financial institution approved by the UST for that specific purpose. The UST approved financial institution which currently holds the Estate Funds, Union Bank of California ("UBCA"), charges "reserve fees" on a per annum basis on such funds ("the "Annual Reserve Fees"). The Trustee has calculated that UBCA in the aggregate will be charging Annual Reserve Fees at current account balances for all Estate Funds for all estates in which he serves as Chapter 7 Trustee in the approximate amount of $1,000,000 per annum. Such fees were not charged by UBCA prior to September, 2011.

7.      In order to reduce continued depletion of the Estate Funds of the Debtor's Estates which are subject to the Annual Reserve Fee unilaterally imposed by UBCA, the Trustee seeks to invest the majority of the Estate Funds of the Debtor's Estates in United States Treasury bills, notes, bonds and/or other investments allowable under Section 345(b) which will yield the

maximum reasonable net return on such funds and/or for which no Annual Reserve Fees would be charged. The Trustee shall maintain sufficient levels of cash in the current financial institution such that the Trustee will be able to pay the estates' operating expenses as they become due and owing.

## RELIEF REQUESTED

8.      By this Motion, the Trustee seeks entry of an order authorizing the Trustee to re-deposit and/or invest the Estate Funds of the Debtor's Estates in United States Treasury bills, notes, bonds and/or other investments allowable under Section 345(b) of the Bankruptcy Code such that the Estate Funds of the Debtor's Estates (a) will no longer be subject to the Annual Reserve Fee and/or (b) will potentially earn interest for the Debtor's Estates, thereby maximizing the potential yield to parties in interest.

## BASIS FOR RELIEF REQUESTED

9.      This Court has the authority to grant the requested relief pursuant to Section 345 of the Bankruptcy Code. Section 345(a) provides, in relevant part, that the Trustee "may make such deposit or investment of the money of the estate for which such trustee serves as will yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment." 11 U.S.C. § 345(a).

10.     Investments in United States Treasury bills, notes and bonds are an allowed investment pursuant to Section 345(b) because they are "backed by the full faith and credit of the United States."

11.     Section 105(a) of the Bankruptcy Code provides that "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Accordingly, the Bankruptcy Court has authority to issue the order sought by this Motion

as necessary and appropriate to carry out and ensure compliance with the provisions of Section 345(a).

12. The United States Supreme Court in the case of *Mosser et al* v. *Darrow et al*, 341 U.S. 267, 273-274, 71 S.Ct. 680, 683 (1951) stated as follows:

> Trustees are often obliged to make difficult business judgments, and the best that disinterested judgment can accomplish with foresight may be open to serious criticism by obstreperous creditors aided by hindsight. Courts are quite likely to protect trustees against disinterested mistakes in business judgment….there are ways by which a Trustee may effectively protect himself from personal liability.
>
> The practice is well established by which Trustees seek instructions from the court, given upon notice to creditors and interested parties, as to matters which involve difficult questions of judgment.

With respect to the investment of Estate Funds of the Debtor's Estates, the Trustee seeks approval by the Bankruptcy Court to deviate from normal past practices of Trustees for compliance with Section 345 of the Bankruptcy Code, and to instead directly invest the Estate Funds of the Debtor's Estates in United States Treasury, bills, notes, bonds and/or other investments which are backed by the full faith and credit of the United States.

13. The bankruptcy trustee is a representative of the bankruptcy estate. 11 U.S.C. § 323(a). As representatives of the estate, a bankruptcy trustee owes a fiduciary duty to creditors of, and parties-in-interest to, a bankruptcy estate. *In re Cochise College Park, Inc.*, 703 F.2d 1339, 1357 (9th Cir. 1983). Part of the bankruptcy trustee's fiduciary duty is to conserve assets of the estate and maximize distributions to creditors. *In re Rigden*, 795 F.2d 727, 730 (9th cir. 1986) (citations omitted); see also *Kalyna v. Swaine (In re Accomazzo)*, 226 B.R. 426 (D. AZ. 1998) (finding that a trustee may be surcharged for failing to invest estate funds in a way that maximizes estate assets).

14.     It is both essential and in the best interests of the Debtor's Estates and creditors that the Estate Funds of the Debtor's Estates be invested in United States Treasury, bills, notes, bonds, and/or other investments allowable under Section 345(b) of the Bankruptcy Code, while complying with Section 345(b) of the Code, also maximize the net value of the Estate Funds of Debtor's Estates for the benefit of all parties in interest.  Accordingly, the Trustee respectfully requests that the Court authorize the investment of the Estate Funds of the Debtor's Estates to invest the majority of the Estate Funds of the Debtor's Estates in United States Treasury bills, notes, bonds and/or other investments allowable under Section 345(b).

## NOTICE

15.     Notice of this Motion has been provided to (i) the Office of the United States Trustee and (ii) parties requesting notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.  In light of the nature of the relief requested herein, the Trustee submits that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter the Proposed Order authorizing the relief requested herein and granting the Trustee such other and further relief as this Court deems just and proper.

Dated:  October 11, 2011 COZEN O'CONNOR

By: */s/ John T. Carroll, III*

John T. Carroll, III (DE No. 4060)
1201 N. Market Street
Suite 1400
Wilmington, DE  19801
(302) 295-2028
(302) 295-2013 Fax No.
jcarroll@cozen.com

***Counsel to George L. Miller,
Chapter 7 Trustee***