# EXHIBIT A

[Settlement Stipulation]

8799943_1

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>MCC (f/k/a Monaco Coach Corporation) et al[1],<br><br>                     Debtors. | Chapter 7<br><br>Case No. 09-10750 (KJC) |
| George L. Miller, Chapter 7 Trustee For The Bankruptcy Estate of MCC (f/k/a Monaco Coach Corporation) et al,<br><br>                     Plaintiff,<br><br>vs.<br><br>PRICEWATERHOUSECOOPERS LLP,<br><br>                     Defendant. | Adversary No. 11-51173 (KJC) |

## SETTLEMENT STIPULATION BY AND BETWEEN GEORGE L. MILLER, CHAPTER 7 TRUSTEE, AND PRICEWATERHOUSECOOPERS LLP

This Settlement Stipulation (the "Stipulation") is made this 27th day of February, 2012, by and between George L. Miller (the "Trustee"), the Chapter 7 Trustee of the above-captioned debtors (collectively, the "Debtors"), and PricewaterhouseCoopers LLC (the "Defendant") (collectively, the Trustee and the Defendant are referred to herein as the "Parties").

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification number, if applicable, are: Case No. 09-10750 MCC f/k/a Monaco Coach Corporation (0244); Case No. 09-10751 Signature Motorcoach Resorts, Inc. (8980); Case No. 09-10752 Naples Motorcoach Resort, Inc. (1411); Case No. 09-10753 Port of the Isles Motorcoach Resort, Inc. (8524); Case No. 09-10754 Outdoor Resorts of Las Vegas, Inc. (8478); Case No. 09-10755 Outdoor Resorts Motorcoach Country Club, Inc. (1141); Case No. 09-10756 Signature Resorts of Michigan, Inc. (4020); Case No. 09-10757 La Quinta Motorcoach Resorts, Inc. (9661); Case No. 09-10758 RVision Holdings L.L.C. (2820); Case No. 09-10759 R-Vision, Inc. (3151); Case No. 09-10760 R-Vision Motorized, LLC (1985); Case No. 09-10761 Bison Manufacturing, LLC (0778) and Case No. 09-10762 Roadmaster LLC (5174).

7594334_1

## RECITALS

WHEREAS, on or about March 5, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Pursuant to this Court's Order dated March 10, 2009, the Debtors' bankruptcy cases are being jointly administered.

WHEREAS, By Order dated June 29, 2009 the bankruptcy cases were converted to a case pending under Chapter 7 of the Bankruptcy Code effective as of June 30, 2009 (the "Conversion Date"). On the Conversion Date, George L. Miller was appointed by the Office of the United States Trustee to serve as the duly qualified Chapter 7 Trustee for the estates of the Debtors.

WHEREAS, on March 4, 2011, the Trustee filed a complaint (the "Complaint") against the Defendant pursuant to §§ 547 and 550 of the Bankruptcy Code to recover $361,160.00 in payments (the "Preference Payments") made to the Defendant during the ninety days prior to the Petition Date (the "Preference Period");

WHEREAS, through settlement negotiations, the Defendant raised various defenses to the Complaint;

WHEREAS, in light of the costs and uncertainties of litigation and based upon the issues raised by both Parties, the Parties have agreed to fully and finally resolve the adversary proceeding on the terms set forth herein; and

## TERMS AND CONDITIONS

NOW, THEREFORE, in consideration of the mutual promises contained herein, the Parties, intending to be legally bound, stipulate and agree as follows:

1. The above recitals are incorporated herein as if set forth fully at length.

2. Within ten (10) business days after the execution of this Stipulation, the Defendant shall pay the sum of $35,000.00 (the "Settlement Amount") to the Trustee by check.

3. The Settlement Amount check should be made payable to George L. Miller, Chapter 7 Trustee of MCC (f/k/a Monaco Coach Corporation), *et al.* and forwarded to:

> Jennifer L. Maleski
> Dilworth Paxson LLP
> 1500 Market Street, Suite 3500E
> Philadelphia, PA 19102

4. This Stipulation is subject in its entirety to Bankruptcy Court approval. Within a reasonable time following receipt of the Settlement Amount, the Trustee shall submit this Stipulation to the Bankruptcy Court for approval, and the Parties agree to cooperate to obtain such approval. In the event this Stipulation is not, within 90 days of the date the Settlement Amount is paid, either (a) approved by the Bankruptcy Court by a final and unappealable order, or (b) deemed approved under any applicable settlement procedures order, then the Stipulation shall be null and void and of no effect and the Parties shall be restored to the factual and legal position that existed immediately prior to execution of this Stipulation, including return of the Settlement Amount. The date on which this Stipulation is approved by a final, non-appealable Order of the Bankruptcy Court, or deemed approved under a settlement procedures order shall be the "Approval Date."

5. Effective upon the Approval Date, the Trustee, on behalf of (a) himself, in his capacity as Trustee of the Debtors, (b) the Debtors, and (c) the Debtors' estates and their respective successors and assigns, officers, directors, principals, partners, employees, agents, attorneys and members (collectively, the "Trustee Parties") shall be deemed to have fully and forever released, remised, acquitted, and discharged the Defendant Parties (as defined below)

and the Defendant's affiliates and subsidiaries of and from any and all contracts, agreements, promises, covenants, actions, causes of action, suits at law or in equity, complaints, proceedings, claims, counterclaims, cross-claims, debts, guarantees, obligations, duties, demands, damages, liabilities, losses, costs, and expenses (including, without limitation, attorneys' fees) (collectively, the "Causes of Action"), which relate to the Preference Payments. The Trustee Parties shall further be deemed to have fully and forever released, remised, acquitted, and discharged the Defendant Parties of and from any and all Causes of Action related to claims under Section 547, whether known or unknown, foreseen or unforeseen, real or imaginary, actual or potential, which any of the Trustee Parties had or now have against the Defendant Parties as part of the above-captioned bankruptcy proceeding as of the date of this Stipulation.

6. Effective upon the Approval Date, the Defendant, on behalf of itself and its respective successors and assigns, officers, directors, principals, partners, employees, agents, attorneys, and members (collectively, the "Defendant Parties"), except as specifically provided herein, shall be deemed to have fully and forever released, remised, acquitted and discharged the Trustee Parties of and from any and all contracts, agreements, promises, covenants, actions, causes of action, suits at law or in equity, complaints, proceedings, claims, counterclaims, cross-claims, debts, guarantees, obligations, duties, demands, damages, liabilities, losses, costs and expenses (including, without limitation, attorneys' fees) which relate to the Preference Payments or to claims under Section 547, whether known or unknown, foreseen or unforeseen, real or imaginary, actual or potential, which the Defendant had or now has against any of the Trustee Parties as part of the above-captioned bankruptcy proceeding, including any claim under Section 502(h) of the Bankruptcy Code.

7. Each party hereto agrees to execute any and all documents, and to do and perform any and all acts and things, upon request by the other, reasonably necessary or proper to effectuate or further evidence the terms and provisions of this Stipulation.

8. Effective upon the Approval Date, the Complaint shall be deemed dismissed with prejudice.

9. The Trustee and the Defendant shall each bear and be responsible for his and its own costs and attorneys' fees incurred in connection with this matter.

10. This Stipulation constitutes the entire agreement between the Parties hereto and may not be altered or modified other than by a writing signed by all of the Parties hereto.

11. The Stipulation may be executed in counterparts.

12. Each representative signing this Stipulation represents and warrants that he or she has the authority to bind his or her respective client to the terms of this Stipulation.

AGREED TO BY:                     GEORGE L. MILLER

Dated: February 27, 2012          By: _____
                                  Jennifer L. Maleski, Esquire
                                  Dilworth Paxson LLP
                                  Attorneys for George L. Miller, Trustee for the Debtors

                                  PRICEWATERHOUSECOOPERS LLP

Dated: February 27, 2012          By: _____
                                  Daniel S. Lubell, Esquire
                                  Hughes Hubbard & Reed LLP
                                  Attorneys for PricewaterhouseCoopers LLP

7594334_1