IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| MCC (f/k/a MONACO COACH | : | Case No. 09-10750 (KJC) |
| CORPORATION) *et al* | : | (Jointly Administered) |
| | : | |
| Debtors [1] | : | |
| | : | |
| | : | **Hearing Date:**    **August 28, 2012 at 1:30 p.m.** |
| _____ | : | **Objection Date:**    **August 21, 2012 at 4:00 p.m.** |

**MOTION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE, UNDER FED. R. BANKR.
P. 9019 FOR APPROVAL OF STIPULATION OF SETTLEMENT REGARDING IN
RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY
LITIGATION (MDL NO. 1873)**

George L. Miller, Chapter 7 Trustee (the "Trustee") for the estates of the above-captioned

debtors (the "Debtor" or "Estate"), including R-Vision, Inc. ("R-Vision") and R-Vision Holdings

LLC ("R-Vision Holdings"); (R-Vision and R-Vision Holdings are sometimes collectively

referred to as ("R-Vision")), appearing herein by and through undersigned counsel, hereby

moves (the "Motion") this Court for entry of an order approving the Stipulation of Settlement

(the "Stipulation") filed In re: FEMA Trailer Formaldehyde Product Liability (MDL No. 1873)

(E.D. La., New Orleans Division), in which R-Vision is a defendant and Liberty Mutual

Insurance Company ("Liberty Mutual Insurance") is a direct action defendant in its capacity as

alleged liability insurer of R-Vision.

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification number, if
applicable, are: Case No. 09-10750 MCC f/k/a Monaco Coach Corporation (0244); Case No. 09-10751 Signature
Motorcoach Resorts, Inc. (8980); Case No. 09-10752 Naples Motorcoach Resort, Inc. (1411); Case No. 09-10753
Port of the Isles Motorcoach Resort, Inc. (8524); Case No. 09-10754 Outdoor Resorts of Las Vegas, Inc. (8478);
Case No. 09-10755 Outdoor Resorts Motorcoach Country Club, Inc. (1141); Case No. 09-10756 Signature Resorts
of Michigan, Inc. (4020); Case No. 09-10757 La Quinta Motorcoach Resorts, Inc. (9661); Case No. 09-10758 R-
Vision Holdings L.L.C. (2820); Case No. 09-10759 R-Vision, Inc. (3151); Case No. 09-10760 R-Vision Motorized,
LLC (1985); Case No. 09-10761 Bison Manufacturing, LLC (0778) and Case No. 09-10762 Roadmaster LLC
(5174).

**Jurisdiction and Venue**

1.      This Court has jurisdiction to entertain this Motion pursuant to 28 U.S.C. § § 157 and 1334.   Venue is proper in this District pursuant to 28 U.S.C. § § 1408 and 1409. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).   The statutory predicate for the relief requested herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Procedural Background**

2.      On March 5, 2009 (the "Petition Date"), the Debtor including R-Vision and R-Vision Holdings filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.   On or about March 10, 2009, an Order was entered by this Court directing the joint administration of the R-Vision and R-Vision Holdings bankruptcy cases under the bankruptcy case of MCC f/k/a Monaco Coach Corporation as Case No. 09-10750.   The jointly-administered bankruptcy cases were subsequently converted to a chapter 7 case on June 30, 2009, and George L. Miller was appointed as Chapter 7 Trustee.

3.      Before the Petition Date, R-Vision was a producer of travel trailers and recreational vehicles.   R-Vision and the other Debtors in this jointly-administered case distributed these products through independent retailers, builders and developers.

**Factual Background**

4.      In 2005 Hurricane Katrina and Rita destroyed the homes of thousands of U.S. citizens along the Gulf Coast.   As part of its response, the Federal Emergency Management Agency ("FEMA") provided emergency housing for these citizens in part by acquiring manufactured homes from various companies (the "Defendants").   Thousands of these citizens

2

(the "Plaintiffs") later sued the Defendants, including R-Vision, in various state and federal courts alleging that they were exposed to hazardous levels of formaldehyde while residing in the manufactured homes.

5.      In addition to those claims asserted against the Defendants, Plaintiffs allegedly exposed in Louisiana have also asserted claims directly against Liberty Mutual Insurance, as alleged insurer of R-Vision, under the Louisiana Direct Action Statute, La. R.S. 22:655.

6.      The myriad of lawsuits relating to alleged exposure to formaldehyde were eventually consolidated into one multidistrict litigation action now pending in the United States District Court for the Eastern District of Louisiana, captioned In re: FEMA Trailer Formaldehyde Product Liability Litigation (MDL No. 1873) (E.D. La., New Orleans Division) (the "FEMA Trailer MDL").

7.      Approximately 500 claimants have asserted direct action claims against R-Vision and/or Liberty Mutual Insurance in the FEMA Trailer MDL and approximately 600 proofs of claim were filed in the bankruptcy cases of  R-Vision and R-Vision Holdings in this bankruptcy Estate for litigation claims that were consolidated into the FEMA Trailer MDL (the "MDL Claims").  A listing of the MDL Claims is attached hereto, incorporated herein and marked as *Exhibit "A"*.  A listing of the proofs of claim filed in the R-Vision case is attached hereto, incorporated herein and marked as E*xhibit "C"*.   Additionally, a listing of the proofs of claim filed in the R-Vision Holdings case is attached hereto, incorporated herein and marked as *Exhibit "D"*.  Exhibit "C" and Exhibit "D" are collectively referred to as the ("Proofs of Claim").

3

8.      After substantial testing, discovery, motion practice, and several bellwether jury

trials in the FEMA Trailer MDL, the Plaintiffs and Liberty Mutual Insurance have decided to

settle the matter.  On April 13, 2012, the Plaintiffs and the Defendants filed a joint motion for

preliminary approval of the Stipulation in the FEMA Trailer MDL.  In summary, the Stipulation

provides that Liberty Mutual Insurance will pay  the Settlement Amount into a common

settlement fund (the "Settlement Fund") in exchange for releases of the Plaintiffs' claims against

Liberty Mutual Insurance.  The Stipulation is hereby incorporated by reference into this Motion

as *Exhibit "B"*, and is being filed under seal.

9.      Under the Stipulation, there will be no payment from or by R-Vision or its Estate

into the Settlement Fund, except that Liberty Mutual Insurance, R-Vision's alleged liability

insurer, will be contributing the Settlement Amount to the Settlement Fund.

10.     The Stipulation, however, is contingent upon the approval of this Court.

Accordingly, the Trustee files the Motion seeking such approval.

## Relief Requested

11.     Bankruptcy Rule 9019, the Trustee respectfully requests entry of an Order in the

form attached to this Motion approving the Stipulation attached as *Exhibit "B"*, the deadline for

which is August 1, 2012, and directing the parties to take any and all actions necessary and

appropriate to submit and obtain the approval of the Stipulation in the FEMA Trailer MDL.

12.     In addition, as part of its approval of the Stipulation, the Trustee also requests that

the Court order the MDL Claims (the Proofs of Claim) filed in the bankruptcy cases of  R-Vision

(Exhibit "C") and R-Vision Holdings (Exhibit "D") and the bankruptcy Estate for litigation

claims deemed withdrawn in this bankruptcy Estate upon entry of the Stipulation in the FEMA

Trailer MDL.[2]

**Basis for Relief**

13.     The decision to approve a settlement or compromise pursuant to Bankruptcy Rule

9019 lies within the sound discretion of this Court and is warranted when the settlement is found

to be reasonable and fair in light of the particular circumstances of the case.  *See Protective*

*Comm. For Indep. Stockholders of TMT Trailer Ferry v. Anderson (TMT Trailer)*, 390 U.S. 414,

424-25 (1968).  The Delaware District Court has held that a Court should approve a compromise

under Bankruptcy Rule 9019 when it "is fair, reasonable, and in the interest of the estate."  *In re*

*Marvel Entertainment Group, Inc.,* 222 B.R. 243, 249 (D. Del. 1998) (quoting *In re Louise's,*

*Inc.* 211 B.R. 798, 801 (D. Del. 1997)); *Myers v. Martin (In re Martin)*, 91 F.3d 389, 394 (3d

Cir. 1996). This inquiry does not require the Court to consider whether the proposed settlement

is the best possible compromise.  *In re Key3Media Group, Inc.,* 336 B.R. 87, 92-93 (Bankr. D.

Del. 2005).  The Court should not conduct a "mini-trial;" rather, the Court should only inquire

whether the proposed settlement falls below the "lowest point in the range of reasonableness."

*Id.* at 93.  In determining whether a compromise is in the best interest of the estate, the Court

must "assess and balance the value of the claim that is being compromised against the value to

the state of the acceptance of the compromise proposal." *Myers*, 91 F.3d at 393.

14.     In analyzing proposed settlements under Bankruptcy Rule 9019, Bankruptcy

Courts in this district focus on four factors: (1) the probability of success in litigation; (2) the

likely difficulties in collection; (3) the complexity of the litigation involved, and the expense,

---

[2] The Trustee reserves the right to amend or supplement the instant Motion if additional Proofs of Claim
and any amendments thereto are determined to have been filed against any other Debtor of the bankruptcy
Estate regarding litigation claims that were consolidated into the FEMA Trailer MDL .

5

inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors. *In re Key3Media Group, Inc.,* 336 B.R. at 93. Compromises are favored in bankruptcy because they expedite the administration of the bankruptcy estate and minimize litigation and its associated costs. *Id.*

15.     The Stipulation and the proposed settlement and compromise embodied therein meets all of the above criteria. If there were no Stipulation covering R-Vision and Liberty Mutual Insurance's liability in the FEMA Trailer MDL, R-Vision and Liberty Mutual Insurance would certainly face complex, time-consuming and expensive litigation. Such litigation involves an inherent risk, with little or no certainty that the defendants would prevail, potentially requiring Liberty Mutual Insurance's payment of liability insurance proceeds to satisfy claims in the FEMA Trailer MDL and diverting those funds, which are property of the Debtors' Estate, from potential availability to pay other claims. Should Liberty Mutual Insurance's insurance coverage be exhausted, R-Vision may be unable to fund the costs of litigating the FEMA Trailer MDL to judgment. Balanced against such risk and uncertainty, it is in R-Vision and other Debtors' Estates' best interests to consensually resolve their part of the FEMA Trailer MDL. Lastly, approval of the Stipulation will resolve over 500 claims filed against R-Vision and/or Liberty Mutual Insurance in these cases as well as over 600 Proofs of Claim filed in the bankruptcy Estate, at no cost to the Estate. For these reasons, the Court should approve the Stipulation.

## Notice

16.     Notice of this Motion is being given to the following parties, or in lieu thereof, to their counsel, if known by providing a copy of this Motion (without the Stipulation incorporated by reference as Exhibit "B" which is being separately filed under seal) (i) the Office of the United States Trustee; (ii) top twenty (20) unsecured creditors of the Debtor;  (iii) parties who

6

have requested notice pursuant to Bankruptcy Rule 2002;  (iv) the parties asserting MDL Claims

listed on *Exhibit "A"* of this Motion; and (iv) parties identified on *Exhibit "E"* of this Motion as

the "CEI – Special Service List".

17.     Pursuant to Del. Bankr. LR 2002-1(e), the Trustee submits that, in light of the

nature of the relief requested, no other or further notice need be given.

## No Prior Request

18.     No prior request for the particular relief sought in this Motion has been made

prior to this or any other court in connection with these chapter 7 cases.

## Conclusion

WHEREFORE, the Trustee respectfully requests that this Court enter an order,

substantially in the form attached to the Motion, granting the relief requested herein and such

other, further and different relief as is just and proper.

Dated: July 25, 2012

Respectfully submitted,

COZEN O'CONNOR

*/s/ John T. Carroll, III*

By:_____
John T. Carroll, III (DE No. 4060)
1201 N. Market Street
Suite 1400
Wilmington, DE 19801
(302) 295-2028
(302) 295-2013 Fax No.
jcarroll@ cozen.com

**Counsel to George L. Miller,
Chapter 7 Trustee**