IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| MCC (f/k/a MONACO COACH CORPORATION) *et al* | : | Case No. 09-10750 (KJC) |
| | : | (Jointly Administered) |
| | : | |
| Debtors.[1] | : | Hearing Date: December 20, 2012 at 10:00 a.m. |
| | : | |
| _____ | : | Objection Date: November 29, 2012 at 4:00 p.m. |

**MOTION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE, UNDER FED. R. BANKR. P. 9019 FOR APPROVAL OF STIPULATION OF SETTLEMENT REGARDING MONACO COACH CORPORATION N/K/A MCC AND CHARTIS SELECT INSURANCE COMPANY IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION (MDL NO. 1873)**

George L. Miller, Chapter 7 Trustee (the "Trustee") for the estates of the above-captioned debtors (the "Debtors" or "Estates"), appearing herein by and through undersigned counsel, hereby moves (the "Motion") this Court for entry of an order, (i) approving the Stipulation of Settlement regarding Monaco Coach Corporation n/k/a MCC and Chartis Select Insurance Company, including the Memorandum of Understanding dated on or about May 24, 2012 which is attached to the Stipulation of Settlement, copies of which are collectively attached hereto as Exhibit "A" (the "Stipulation"), filed in In re: FEMA Trailer Formaldehyde Product Liability (MDL No. 1873), in which Monaco Coach Corporation n/k/a MCC ("Monaco Coach") is a defendant and (ii) determining that the proofs of claim filed against the Estate of Monaco Coach

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification number, if applicable, are: Case No. 09-10750 MCC f/k/a Monaco Coach Corporation (0244); Case No. 09-10751 Signature Motorcoach Resorts, Inc. (8980); Case No. 09-10752 Naples Motorcoach Resort, Inc. (1411); Case No. 09-10753 Port of the Isles Motorcoach Resort, Inc. (8524); Case No. 09-10754 Outdoor Resorts of Las Vegas, Inc. (8478); Case No. 09-10755 Outdoor Resorts Motorcoach Country Club, Inc. (1141); Case No. 09-10756 Signature Resorts of Michigan, Inc. (4020); Case No. 09-10757 La Quinta Motorcoach Resorts, Inc. (9661); Case No. 09-10758 R-Vision Holdings L.L.C. (2820); Case No. 09-10759 R-Vision, Inc. (3151); Case No. 09-10760 R-Vision Motorized, LLC (1985); Case No. 09-10761 Bison Manufacturing, LLC (0778) and Case No. 09-10762 Roadmaster LLC (5174).

representing litigation claims that were consolidated into In re: FEMA Trailer Formaldehyde Product Liability (MDL 1873) are satisfied by virtue of the release provisions contained in the Stipulation.

**Jurisdiction and Venue**

1. This Court has jurisdiction to entertain this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief requested herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Procedural Background**

2. On March 5, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief (the "Bankruptcy Cases") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). On or about March 10, 2009, an Order was entered by the Bankruptcy Court directing the joint administration of the Debtors' bankruptcy cases under the bankruptcy case of MCC f/k/a Monaco Coach Corporation as Case No. 09-10750. The jointly-administered bankruptcy cases were subsequently converted to chapter 7 cases on June 30, 2009, and George L. Miller was appointed as Chapter 7 Trustee.

3. Before the Petition Date, Monaco Coach was a producer of travel trailers and recreational vehicles. Monaco Coach and the other Debtors in the Bankruptcy Cases distributed their products through independent retailers, builders and developers.

**Factual Background**

4. In 2005 Hurricanes Katrina and Rita destroyed the homes of thousands of U.S. citizens along the Gulf Coast. As part of its response, the Federal Emergency Management Agency ("FEMA") provided emergency housing for these citizens in part by acquiring manufactured homes from various companies (the "Defendants"). Thousands of these citizens (the "Plaintiffs") later sued the Defendants, including certain of the Debtors, in various state and federal courts alleging that they were exposed to hazardous levels of formaldehyde while residing in the manufactured homes.

5. The myriad of lawsuits relating to alleged exposure to formaldehyde were eventually consolidated into one multidistrict litigation action now pending in the United States District Court for the Eastern District of Louisiana, captioned In re: FEMA Trailer Formaldehyde Product Liability Litigation (MDL No. 1873) (E.D. La., New Orleans Division) (the "FEMA Trailer MDL").

6. Numerous individuals have filed suit against Monaco Coach in the FEMA Trailer MDL (the "MDL Claims"). Approximately 2600 proofs of claim were filed in the in the Monaco Coach bankruptcy case, which would constitute claims by eligible members of the class established in the FEMA Trailer MDL (the "MDL Proofs of Claim"). A listing of the MDL Proofs of Claim filed against the Estate of Monaco Coach is attached hereto, incorporated herein and marked as Exhibit "B".

7. After substantial testing, discovery, motion practice, and several bellwether jury trials in the FEMA Trailer MDL, the Plaintiffs and Chartis Select Insurance Company ("Chartis Insurance"), on behalf of Monaco Coach as the insured of Chartis, have decided to settle the

3

matter.  On April 13, 2012, the Plaintiffs and the Defendants in the FEMA Trailer MDL filed a joint motion for preliminary approval of the Stipulation.  On May 31, 2012, the United States District Court for the Eastern District of Louisiana (the "MDL Court") entered an order granting preliminary approval of the Stipulation in the FEMA Trailer MDL.  On September 27, 2012, the MDL Court entered a Final Order and Judgment granting approval of the Stipulation in the FEMA Trailer MDL; however, the effectiveness of the Stipulation as it relates to Monaco Coach is contingent upon approval by the Bankruptcy Court.  In summary, the Stipulation provides that Chartis Insurance, on behalf of Monaco Coach, will pay the settlement amount of approximately $1,153,386.48  into a common settlement fund (the "Settlement Fund") in exchange for releases of the Plaintiffs' claims against Monaco Coach, its affiliates and Chartis Insurance.

8. On July 25, 2012, the Trustee filed the Motion of George L. Miller, Chapter 7 Trustee, Under Fed. R. Bankr. P. 9019 For Approval of Stipulation of Settlement Regarding In re: FEMA Trailer Formaldehyde Product Liability Litigation (MDL No. 1873) (the "Liberty Mutual Motion") [D.I. 1042].  On August 24, 2012, this Court entered an order approving the Liberty Mutual Motion (the "Liberty Mutual Order") [D.I. 1055], which is similar to the order sought by the Trustee in the instant motion.  The Liberty Mutual Order approved a settlement in the FEMA Trailer MDL between the Plaintiffs and Liberty Mutual Insurance Company, as insurer to two different Debtors, namely, R-Vision, Inc. and R-Vision Holdings LLC.  In the Liberty Mutual Order, this Court deemed withdrawn over 500 proofs of claim related to the FEMA Trailer MDL filed against the Estates of R-Vision, Inc. and R-Vision Holdings LLC by claimants who are members of the class certified in the FEMA Trailer MDL.

9. Under the Stipulation, there will be no payment directly from or by the Debtors or their Estates into the Settlement Fund, but rather Chartis Insurance, Monaco Coach's liability

4

insurer, will be contributing the aforesaid settlement amount to the Settlement Fund on behalf of Monaco Coach.

10.  Bankruptcy Rule 9019 requires approval of the settlement agreement memorialized in the Stipulation in order for the Trustee to enter into same on behalf of the bankruptcy estate of Monaco Coach.  Accordingly, the Trustee files the Motion seeking such approval.

## Relief Requested

11.  Pursuant to Bankruptcy Rule 9019, the Trustee respectfully requests entry of an Order approving the Stipulation  and authorizing the parties to take any and all actions necessary and appropriate to implement the terms of the Stipulation.

12.  In addition, as part of its approval of the Stipulation, the Trustee also requests that the Court order the MDL Proofs of Claim filed in the Monaco Coach bankruptcy case, as identified on Exhibit "B", be deemed satisfied by virtue of the release included in the Stipulation.[2]

## Basis for Relief

13.  The decision to approve a settlement or compromise pursuant to Bankruptcy Rule 9019 lies within the sound discretion of this Court and is warranted when the settlement is found to be reasonable and fair in light of the particular circumstances of the case. *See Protective Comm. For Indep. Stockholders of TMT Trailer Ferry v. Anderson (TMT Trailer)*, 390 U.S. 414, 424-25 (1968).  The Delaware District Court has held that a Court should approve a compromise

---

[2] The Trustee reserves the right to amend or supplement the instant Motion if additional Proofs of Claim and any amendments thereto are determined to have been filed against any of the Debtors other than Monaco Coach regarding litigation claims that relate to the FEMA Trailer MDL.

5

under Bankruptcy Rule 9019 when it "is fair, reasonable, and in the interest of the estate." *In re Marvel Entertainment Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (quoting *In re Louise's, Inc.* 211 B.R. 798, 801 (D. Del. 1997)); *Myers v. Martin (In re Martin)*, 91 F.3d 389, 394 (3d Cir. 1996). This inquiry does not require the Court to consider whether the proposed settlement is the best possible compromise. *In re Key3Media Group, Inc.*, 336 B.R. 87, 92-93 (Bankr. D. Del. 2005). The Court should not conduct a "mini-trial;" rather, the Court should only inquire whether the proposed settlement falls below the "lowest point in the range of reasonableness." *Id.* at 93. In determining whether a compromise is in the best interest of the estate, the Court must "assess and balance the value of the claim that is being compromised against the value to the state of the acceptance of the compromise proposal." *Myers*, 91 F.3d at 393.

14. In analyzing proposed settlements under Bankruptcy Rule 9019, Bankruptcy Courts in this district focus on four factors: (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors. *In re Key3Media Group, Inc.*, 336 B.R. at 93. Compromises are favored in bankruptcy because they expedite the administration of the bankruptcy estate and minimize litigation and its associated costs. *Id.*

15. The Stipulation, and the proposed settlement and compromise embodied therein, meets all of the above criteria. If there was no Stipulation covering Monaco Coach in the FEMA Trailer MDL, Monaco Coach would certainly face complex, time-consuming and expensive litigation. Such litigation involves an inherent risk, with little or no certainty that the Defendants would prevail, potentially requiring Chartis Insurance's payment of liability insurance proceeds to satisfy claims in the FEMA Trailer MDL and diverting those funds from potential availability

6

to pay other insured claims. Should Chartis Insurance's insurance coverage be exhausted, Monaco Coach may be unable to fund the costs of litigating the FEMA Trailer MDL to judgment. Balanced against such risk and uncertainty, it is in the Estates' best interests to consensually resolve their part of the FEMA Trailer MDL. Lastly, approval of the Stipulation will settle over 2600 MDL Proofs of Claim filed against the Estate of Monaco Coach in these Bankruptcy Cases, with the cost of the funding the settlement being borne by Chartis Insurance, as the insurance carrier for Monaco Coach. For these reasons, the Court should approve the Stipulation.

### Notice

16.    A complete copy of the Motion is being served upon the following parties, or in lieu thereof, to their counsel if known: (i) the Office of the United States Trustee; (ii) Counsel to Ableco Finance LLC; (iii) counsel to the Debtors; and (iv) counsel to the claimants who filed the MDL Proofs of Claim identified on Exhibit "B"; and a copy of the Notice of Motion is being served upon (v) the Debtors' twenty (20) largest unsecured creditors; and (vi) all parties that previously requested notice in this case pursuant to Bankruptcy Rule 2002 (collectively, the "Notice").

17.    Pursuant to Del. Bankr. LR 2002-1(e), the Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

18.    No prior request for the particular relief sought in this Motion has been made prior to this or any other court in connection with these Bankruptcy Cases.

7

**Conclusion**

WHEREFORE, the Trustee respectfully requests that this Court enter an order, substantially in the form attached to the Motion, granting the relief requested herein and such other, further and different relief as is just and proper.

Date:   November 8, 2012

COZEN O'CONNOR

By:   */s/ John T. Carroll, III*
John T. Carroll, III (DE No. 4060)
Damien Nicholas Tancredi (DE No. 5395)
1201 North Market Street
Suite 1001
Wilmington, DE  19801
302-295-2028
302-295-2013 Fax No.
jcarroll@cozen.com
dtancredi@cozen.com

*Counsel for the Chapter 7 Trustee,*
*George L. Miller*