# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: | Chapter 7 |
| MCC CORPORATION (f/k/a Monaco Coach Corporation), *et al.*, | Case No.: 09-10750 (KJC) |
| | Related Doc. No. 1183, 1192 |
| Debtors. | |
| RONALD C. FOLK AND JEROME A. HOOVER, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | |
| v. | Adv. Proc. No.: 09-50402 (KJC) |
| MONACO COACH CORPORATION, | Related Doc. No. 95, 102 |
| Defendant. | |

**FINAL ORDER: (A) APPROVING THE WARN SETTLEMENT UNDER FED. R. CIV. P. 23, FED. BANKR. R. 7023, AND BANKR. R. 9019; (B) APPROVING CLASS COUNSEL'S FEES AND EXPENSES; AND (C) AUTHORIZING CLASS COUNSEL TO MAKE DISTRIBUTIONS**

**UPON** the Order dated April 16, 2015 [Dkt. Nos. 1192, 102] (the "Preliminary Approval Order") preliminarily approving the joint motion of Plaintiffs Ronald C. Folk and Jerome A. Hoover ("Plaintiffs"), together with George L. Miller, in his capacity as Chapter 7 Trustee (the "Trustee") for the estates of MCC Corporation (f/k/a Monaco Coach Corporation), Signature Motorcoach Resorts, Inc., Naples Motorcoach Resort, Inc., Port of the Isles Motorcoach Resort, Inc., Outdoor Resorts of Las Vegas, Inc., Outdoor Resorts of Motorcoach Country Club, Inc., Signature Resorts of Michigan, Inc., LaQuinta Motorcoach Resorts, Inc., R-Vision Holdings, LLC, R-Vision, Inc., R-Vision Motorized LLC, Bison Manufacturing, LLC, Roadmaster LLC (collectively the "Debtors") in the chapter 7 bankruptcy cases jointly administered under Case No. 09-10750-KJC and Plaintiffs Ronald C. Folk and Jerome A.

Hoover on behalf of themselves and all others similarly situated, for: (I) an Order: (a) preliminarily approving a settlement agreement resolving certain WARN Act claims; (b) approving the form and manner of notice to class members of the proposed settlement; and (c) scheduling a final fairness hearing for approval of the settlement; and (II) an Order: (a) approving the settlement under Federal Rule of Civil Procedure 23 and Federal Rule of Bankruptcy Procedure 7023 and Bankruptcy Rule 9019 following the fairness hearing; and (b) Approving Attorney's Fees and Expenses and (c) and upon the Affidavit of Service evidencing proof of service of the notice to class members of the proposed settlement, which was filed with the Court [Dkt. No. 103]; the Court having reviewed the Joint Motion and being fully advised; the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 USC §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 USC § 157(b)(2), (c) notice of the motion and the hearing on the motion was sufficient under the circumstances, (d) terms not otherwise defined herein have the meanings given to them in the Motion and (e) no objections have been filed in opposition to the Motion; the Court having reviewed the Terms of the Settlement Agreement; and the Court having determined that the legal and factual bases set forth in the motion establish just cause for the relief granted herein; the Court having determined that the relief sought in the Joint Motion is in the best interest of the Debtors' bankruptcy estates; and after due deliberations and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

    1.    The Motion is GRANTED in its entirety;

    2.    All objections to the Motion or the relief requested in the Motion, if any, that have not been withdrawn, waived or settled, and all reservation of rights in such

22515869\2 00601.0823.000/260884.000
05/19/2015

objections, if any, shall be and hereby are, OVERRULED in all respects on the merits and denied;

3. The Settlement Agreement is approved in all respects as being fair, reasonable, adequate to the Class Members for the following reasons:

   a. If the Settlement is not approved, the Adversary Proceeding will likely be complicated, protracted and expensive, thereby unnecessarily depleting the Debtors' estates and delaying and diminishing distributions to creditors, including Class Members.

   b. The Class Representatives support the Settlement and Class Counsel anticipates that there will be a minimal number of objections given that the size and terms of the Settlement are favorable to Class Members.

   c. The Settlement was reached after the essential facts had been thoroughly investigated by Class Counsel through discovery and informal settlement conferences between counsel for the Parties.

   d. The risks of the Plaintiffs being unable to establish liability and damages were significant because of the Affirmative Defenses asserted by the Debtors.

   e. The Settlement is well within the range of reasonableness given the uncertainty of the Plaintiffs' ability to establish liability and to recover against bankrupt debtors.

   f. The Settlement Agreement was negotiated at arm's length by experienced counsel and in good faith, is fair, equitable, and in the best interests of the Parties.

4. On the Effective Date the settlement and the Settlement Agreement shall become binding upon the parties and the Class;

5. Class Counsel is awarded attorneys' fees of 33 1/3% after deducting the Class Representatives' service payments of $15,000 each, Class Counsel's reasonable expenses, and the cost of the Administrator, all of which shall be paid from the Settlement Fund;

3

6. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. To the extent that any of the findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the conclusions of law constitute findings of fact, they are adopted as such;

7. The entry of this Order is without prejudice to the relief granted in the Preliminary Order and entry of this Order shall not serve to extend or stay the time of filing any appeal regarding any of the relief granted in the Preliminary Order;

8. The Trustee on behalf of the Debtors' Estates is hereby authorized and empowered to take such steps and perform such acts as maybe necessary to implement and effectuate the terms of this Order and the Settlement Agreement; and

9. This Court shall retain jurisdiction over all matters arising from or related to the interpretation and/or implementation of this Order;

10. This Order is effective immediately upon entry.

Dated: _____May 21_____, 2015     _____
HON. KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

22515869\2 00601.0823.000/260884.000
05/19/2015