**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| | |
| MCC (f/k/a Monaco Coach Corporation) *et al.*,[1] | Case No.  09-10750 (MFW) (Jointly Administered) |
| Debtor | |
| | **Response Deadline: July 29, 2019 at 4:00 p.m.** |
| | |
| | **Hearing Date: August 21, 2019 at 2:00 p.m.** |

**CHAPTER 7 TRUSTEE'S SECOND OMNIBUS (NON-SUBSTANTIVE) OBJECTION
TO CERTAIN CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY
CODE, RULES 3007 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY
<u>PROCEDURE AND DEL. BANKR. L.R. 3007-1</u>**

> **Claimants receiving this Objection should locate their names and claims in Exhibit "<u>A</u>",**
>
> **Exhibit "<u>B</u>", Exhibit "<u>C</u>" and/or Exhibit "<u>D</u>".**

George L. Miller, the Chapter 7 Trustee (the "<u>Trustee</u>") for the estates of the above captioned Debtors (the "<u>Estates</u>"), hereby objects (the "<u>Second Omnibus Objection</u>") to each of the claims listed on Exhibit "<u>A</u>", Exhibit "<u>B</u>", Exhibit "<u>C</u>" and Exhibit "<u>D</u>" attached hereto and incorporated herein by reference, pursuant to Section 502 of the Bankruptcy Code and Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure, and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification number, if applicable, are: Case No. 09-10750 MCC f/k/a Monaco Coach Corporation (0244); Case No. 09-10751 Signature Motorcoach Resorts, Inc. (8980); Case No. 09-10752 Naples Motorcoach Resort, Inc. (1411); Case No. 09-10753 Port of the Isles Motorcoach Resort, Inc. (8524); Case No. 09-10754 Outdoor Resorts of Las Vegas, Inc. (8478); Case No. 09-10755 Outdoor Resorts Motorcoach Country Club, Inc. (1141); Case No. 09-10756 Signature Resorts of Michigan, Inc. (4020); Case No. 09-10757 La Quinta Motorcoach Resorts, Inc. (9661); Case No. 09-10758 R-Vision Holdings L.L.C. (2820); Case No. 09-10759 R-Vision, Inc. (3151); Case No. 09-10760 R-Vision Motorized, LLC (1985); Case No. 09-10761 Bison Manufacturing, LLC (0778) and Case No. 09-10762 Roadmaster LLC (5174).

Delaware (the "Court").  In support of this Second Omnibus Objection the Trustee submits the Declaration of Matthew Tomlin (the "Declaration") attached hereto as Exhibit "E" and incorporated herein by reference, and respectfully represents as follows:

## JURISDICTION

1.      The Bankruptcy Court has jurisdiction over the Second Omnibus Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), and (O).  Venue is proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The predicates for relief sought herein are 11 U.S.C. §§ 105, 501, and 502, Bankruptcy Rules 1001 and 3007, and Local Rules 1001-1(c) and 3007-1.

## BACKGROUND

2.      On March 5, 2009 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed a petition for relief under Chapter 11 of 11 U.S.C. § 101 et seq. in the Bankruptcy Court for the District of Delaware (the "Court").

3.      On June 30, 2009 the cases were converted to cases pending under Chapter 7 of the Bankruptcy Code (the "Conversion Date").   On or about the Conversion Date, George L. Miller was appointed by the Office of the United States Trustee to serve as the duly qualified Chapter 7 Trustee for the estates (the "Estates") of the Debtors.

4.      Before the Conversion Date, the Debtors were producers of travel trailers and recreational vehicles.  The Debtors in this jointly-administered case distributed these products through independent retailers, builders and developers.

5.      The Trustee is in the process of reviewing filed proofs of claim (including administrative expense claims) (collectively, and including any supporting documentation thereto, the "Proofs of Claims") to determine the validity of all claims asserted against the estates.

2

6.      By this Second  Omnibus Objection, after review of the Proofs of Claims the Trustee objects to each of the Proofs of Claims listed on Exhibit "A", Exhibit "B", Exhibit "C" and Exhibit "D" attached hereto (the "Disputed Claims") on a non-substantive basis for the reasons described below, and seeks entry of the proposed order attached hereto as Exhibit "E" pursuant to Section 502 of the Bankruptcy Code, and Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure and Local Rule 3007-1:  (a) disallowing claims, and/or (b) adjusting Proofs of Claim incorrectly filed in a wrong case.

### A.  Claims to be Disallowed as Duplicates

7.      The Trustee objects to each of the Disputed Claims identified on Exhibit "A" because these Proofs of Claims are duplicates of claims and/or other Proofs of Claim (the "Duplicate Claims")  that were filed in the bankruptcy cases.

8.      Because each of the Duplicate Claims are duplicative of claims and/or other Proofs of Claims filed in these bankruptcy cases, each of the Duplicate Claims should be disallowed, and the "remaining" claim should be allowed as identified in the "Remaining Claim Number" column on Exhibit "A", without prejudice to the Trustee's right and ability to raise any further objection.

### B.  Claims to be Disallowed as Amendments

9.      The Trustee objects to each of the Disputed Claims identified on Exhibit "B" because these Proofs of Claims were amended by other Proofs of Claim that were subsequently filed in these bankruptcy cases (the "Amended Claims").

10.      Because each of the Disputed Claims on Exhibit "B" are duplicative of and supplanted by the Amended Claims, each of the claims identified in the "Duplicate Claims to be Disallowed" column on Exhibit "B" should be disallowed, and the Amended Claims should be

LEGAL\41747430\1 00601.0823.000/260884.000

allowed as identified in the "<u>Remaining Claim Number</u>" column on Exhibit "<u>B</u>", without prejudice to the Trustee's right and ability to raise any further objection.

### C.  <u>Claims to be Disallowed as Having No Basis in the Debtors' Books and Records and Insufficient Documentation</u>

11.    After reviewing the Debtors' books and records the Chapter 7 Trustee objects to the claims listed on Exhibit "C" hereto ("<u>Insufficient Claims</u>") because the Trustee has determined that these claims have no basis in the Debtors' books and records and the claims were filed without sufficient information or documentation to substantiate the amount or validity of the claims.  This Second Omnibus Objection to the Insufficient Claims is non-substantive under Local Rule 3007-1 (d)(vi).    Attached hereto as Exhibit "<u>E</u>" is the Declaration of the Matthew Tomlin as required by Local Rule 3007-1 (d)(vi) stating that he has reviewed the claims and all supporting information and documentation provided therewith, made reasonable efforts to research the claims on the Debtors' books and records and believes such documentation does not provide prima facia evidence of the validity and amount of the claims.

### D.  <u>Wrong Debtor Claims to be Adjusted</u>

12.    The Trustee objects to each of the Disputed Claims identified on Exhibit "<u>D</u>" because these claims were in whole or in part asserted against an incorrect Debtor (the "<u>Wrong Debtor claims to be Adjusted</u>").  The Trustee asserts that to the extent these claims are valid, these claims should be deemed filed against the respective Debtor entity in the respective amounts as indicated in the columns respectively entitled "<u>Claim Amount</u>" and "<u>Modified Debtor Case</u>" on Exhibit "<u>D</u>".

## <u>SEPARATE CONTESTED MATTERS</u>

13.    Each of the Disputed Claims and the Trustee's objections thereto constitute a separate contested matter pursuant to Federal Rule of Bankruptcy Procedure 9014 and Local

Rule 3007-1. The Trustee requests that any order entered by the Court with respect to an objection asserted herein be deemed a separate order with respect to each Disputed Claim.

## RESPONSES TO THE SECOND OMNIBUS OBJECTION

### A.      Filing and Service of Responses

14.     Pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, in the event a claimant does not agree to disallowance of duplicate claims, amended claims, insufficient claims or to wrong debtor claims to be adjusted or otherwise contests any of the relief sought in this Second Omnibus Objection a claimant must file a written response to the Second  Omnibus Objection (a "Response") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, DE 19801 on or before **July 29, 2019 at 4:00 p.m. (Prevailing Eastern Time)** (the "Response Deadline").

15.     At the same time a claimant files a written Response, if any, with the Bankruptcy Court, the claimant must also serve a copy of the written Response upon the Trustee's counsel:

> John T. Carroll, III, Esquire
> Cozen O'Connor
> 1201 North Market Street
> Suite 1001
> Wilmington, DE 19801

16.     Any Response filed with the Bankruptcy Court and served on the Trustee's counsel, should **not** disclose social security numbers or other personal information.

17.     If a Response to this Second Omnibus Objection is not received by the Response Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

18.     If a Response contains an address different from that stated on the Disputed Claims actually filed, the address in the Response shall control and shall be the service address for other future service of papers.

B.        Timely Response Required; Hearing; Replies

19.      If a Response is properly and timely filed and served in accordance with the above-procedures, the Trustee will attempt to reach a consensual resolution with the claimant.  If no consensual resolution is reached, the Court will conduct a hearing with respect to the Second Omnibus Objection and the Response on **August 21, 2019 at 2:00 p.m. (Prevailing Eastern Time)** or other such date and time as the parties filing responses may be notified.  Only those Responses made in writing and timely filed and received will be considered by the Court at any such hearing.  The Trustee reserves the right to adjourn a hearing with respect to a specific objection set forth herein and any Response thereto.

20.      If a claimant whose Claim is subject to the Second Omnibus Objection fails to file and serve a timely Response on or before the Response Deadline, the Trustee will present to the Court an appropriate order **without further notice to the claimant**.

## NOTICE

21.      The Trustee will provide notice of this Second Omnibus Objection by (a) mailing a copy of the Second Omnibus Objection to the individual claimants listed on Exhibit "A", Exhibit "B", Exhibit "C" and Exhibit "D" by first-class, U.S. mail, postage prepaid to the addresses listed on each of the Proofs of Claims.  A copy of this Second Omnibus Objection is also being served upon the United States Trustee.

## RESERVATION OF RIGHTS

22.      In the Second Omnibus Objection, the Trustee has asserted certain objections to the Disputed Claims.  Pursuant to Local Rule 3007-1, the objections contained herein are non-substantive.  By this reservation, the Trustee expressly reserves the right to amend, modify, or supplement the objections asserted herein and to file additional objections, including without

limitation, pursuant to Section 502(d) of the Bankruptcy Code, to the Proofs of Claims or any other claims (whether filed or not filed) that may be asserted against the Debtors' estates. Should the Second Omnibus Objection be dismissed or overruled, the Trustee reserves the right to object on any other grounds that the Trustee discovers during the pendency of these cases.

<u>**STATEMENT OF COMPLIANCE WITH LOCAL RULE 3007-1**</u>

23.    The undersigned representative of Cozen O'Connor ("<u>Cozen</u>") certifies that he has reviewed the requirements of Local Rule 3007-1 and that the Second Omnibus Objection substantially complies with that Local Rule.   To the extent that the Second Omnibus Objection does not comply in all respects with the requirements of Local Rule 3007-1, Cozen believes that such deviations are not material, and respectfully requests that any such requirements be waived.

**WHEREFORE**, the Trustee respectfully requests that the Court: (i) sustain this Second Omnibus Objection, (ii) enter an Order, substantially in the form which is attached hereto as Exhibit "<u>F</u>" reducing and/or disallowing in full the Disputed Claims, and (iii) grant such other and further relief as the Court may deem just and proper.

Dated: June 28, 2019
     Wilmington, DE

COZEN O'CONNOR

*/s/ John T. Carroll, III*

By: _____

John T. Carroll, III (DE 4060)
1201 N. Market Street
Suite 1001
Wilmington, DE  19801
(302) 295-2028
(302) 295-2013 Fax No.
jcarroll@cozen.com.

*Counsel to George L. Miller,*
*Chapter 7 Trustee*

LEGAL\41747430\1 00601.0823.000/260884.000