**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| **Signature Resorts of Michigan, Inc.** | : | Case No. 09-10756 (KJC) |
| | : | |
| Debtor. | : | |
| ------------------------------------------------------ | : | |
| In re: | : | Chapter 7 |
| | : | |
| **Naples Motorcoach Resort, Inc.** | : | Case No. 09-10752 (KJC) |
| | : | |
| Debtor. | : | **Hearing Date: January 27, 2021 @ 2:00 p.m.** |
| | : | **Objections Due: January 20, 2021 @ 4:00 p.m.** |

**UNITED STATES TRUSTEE'S MOTION TO REOPEN CHAPTER 7 CASES AND FOR AN ORDER DIRECTING THE APPOINTMENT OF CHAPTER 7 TRUSTEE**

Andrew R. Vara, the United States Trustee for Regions Three and Nine (the "U.S. Trustee"), by and through his counsel, hereby files this Motion (the "Motion") for the entry of an order, pursuant to 11 U.S.C. §350(b) and Fed. R. Bankr. P. 5010, to reopen the above-captioned cases and directing the appointment of a chapter 7 trustee, and respectfully represents as follows:

## INTRODUCTION

1.    Pursuant to (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine this Motion.

2.    Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of cases commenced under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts to guard against abuse and over-reaching to assure fairness in the process and adherence to the provisions

of the Bankruptcy Code. *See In re United Artists Theatre Co.*, 315 F.3d 217, 225 (3d Cir. 2003) ("U.S. Trustees are officers of the Department of Justice who protect the public interest by aiding bankruptcy judges in monitoring certain aspects of bankruptcy proceedings."); *United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 298 (3d Cir. 1994) ("It is precisely because the statute gives the U.S. Trustee duties to protect the public interest…that the Trustee has standing to attempt to prevent circumvention of that responsibility." ); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 499 (6th Cir. 1990) ("As Congress has stated, the U.S. trustees are responsible for 'protecting the public interest and ensuring that the bankruptcy cases are conducted according to [the] law").

3. The U.S. Trustee has standing to be heard on this Motion pursuant to 11 U.S.C. § 307.

## STATEMENT OF FACTS

4. On March 5, 2009, debtors Signature Resorts of Michigan, Inc. and Naples Motorcoach Resort, Inc., (the "Subject Debtors") along with certain related chapter 11 debtors, commenced voluntary chapter 11 cases.

5. On March 10, 2009, this Court entered an Order Granting Motion for Joint Administration and as a result thereof the docket for Monaco Coach Corporation - Case No. 09-10750 (the "Main Case") should be consulted for all matters affecting this case.[1]

---

[1] The following Chapter 11 cases are Jointly Administered pursuant to the Joint Administration Order: Monaco Coach Corporation, 09-10750(KJC); Signature Motorcoach Resorts, Inc., 09-10751(KJC); Naples Motorcoach Resort, Inc., 09-10752(KJC); Port of the Isles Motorcoach Resort, Inc., 09-10753(KJC); Outdoor Resorts of Las Vegas, Inc., 09-10754(KJC); Outdoor Resorts Motorcoach Country Club, Inc., 09-10755(KJC); Signature Resorts of Michigan, Inc., 09-10756(KJC); LaQuinta Motorcoach Resort, Inc., 09-10757(KJC); R-Vision Holdings, LLC., 09-10758(KJC); R-Vision, Inc. 09-10759(KJC); R-Vision Motorized, LLC., 09-10760(KJC); Bison Manufacturing, LLC., 09-10761(KJC); and Roadmaster LLC., 09-10762(KJC) (D.I. 6).

6. By order dated June 29, 2009, all of the jointly-administered chapter 11 cases were converted to cases under chapter 7 of the Bankruptcy Code including the Subject Debtors' cases.

7. On or about June 30, 2009, the U.S. Trustee appointed George L. Miller as the chapter 7 trustee ("Trustee Miller") in each jointly-administered including the Main Case and the Subject Debtors' cases.

8. On February 27, 2014, Trustee Miller filed a Notice to Change Case From Asset to No Asset Case and a Trustee Report of No Distribution ("NDR") in each of the Subject Debtors' cases.

9. On April 1, 2014, the Court entered an Order approving the NDR and closing each of the Subject Debtors' cases. As a result, Trustee Miller was relieved of his duties as the chapter 7 trustee for these cases.

10. Based upon information provided by Trustee Miller, he recently discovered that he filed the NDR's in the two above-captioned case in error as there were funds on deposit in the Main Case that actually belong to the Subject Debtors.

11. Upon information and belief, Trustee Miller is in the process of (a) completing the Trustee Final Reports ("TFR") for the Subject Debtors, (b) analyzing certain commingled funds, (c) accounting for the receipts received and disbursements for both of the Subject Debtors as well as those that belong to the estate of R-Vision, Inc. – Case No. 09-10759.

12. It is also our understanding that Trustee Miller intends to file a motion to transfer the receipts and disbursements made in the Main Case to the proper debtors.

13. Based upon information provided by Trustee Miller and information available on

the docket, the U.S. Trustee has been informed or acknowledges that:

    a.    The R-Vision Inc.- Case No. 09-10759 TFR has been withdrawn as the Trustee will be transferring additional receipts and disbursements into R-Vision Inc. and a subsequent TFR will be filed in that case.

    b.    The case of Naples Motorcoach Resort Inc.- Case No. 09-10752 will need to be reopened and a chapter 7 trustee will need to be appointed as Trustee Miller will soon be transferring receipts and disbursements into this chapter 7 debtor estate.

    c.    The case of Signature Resorts of Michigan Inc. - Case No. 09-10751 will need to be reopened and a chapter 7 trustee will need to be appointed as Trustee Miller will soon be transferring receipts and disbursements into this chapter 7 debtor estate.

14.    Accordingly, upon information and belief, Trustee Miller will perform the following tasks in the referenced chapter 7 cases:

    a.    A motion to transfer receipts and disbursements from the Main Case to R-Vision Inc. and the Subject Debtors will be filed;

    b.    An amended TFR for R-Vision Inc. will be submitted after the transfer of receipts and disbursements to this debtor;

    c.    A TFR for each of the Subject Debtors will be submitted after the transfer of receipts and disbursements to these debtors; and,

    d.    A revised TFR will be submitted for the debtor Monaco Coach Corporation - Case No. 09-10750 after all transfers are made.

### A CASE MAY BE REOPENED TO ADMINISTER ASSETS

15.    Section 350(b) of the Bankruptcy Code provides as follows: "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." Given the information set forth above and the commingling of certain assets and funds of the Subject Debtors, the reopening of the Subject Debtors' cases permit administration of the estate assets, which constitutes sufficient ground to permit reopening of the Subject Debtors' cases.

16. Fed. R. Bankr. P. 5010 provides that a trustee shall not be appointed in a reopened case: "unless the court determines that a trustee is necessary to protect the interests of creditors and the debtor or to insure efficient administration of the case." Since the purpose of reopening this estate is to permit a trustee to administer assets for the benefit of creditors, a chapter 7 trustee appointment should be made. The order reopening the case should direct the United States Trustee to appoint a chapter 7 trustee herein consistent with Fed. R. Bankr. P. 5010.

WHEREFORE, the United States Trustee respectfully requests that this Court enter an Order, substantially in the form as attached hereto, reopening the Subject Debtors' cases pursuant to 11 U.S.C. § 350(b), and directing the United States Trustee to appoint a successor trustee, and/or for such other relief as the Court deems just and proper.

Dated: January 5, 2021  
Wilmington, Delaware

Respectfully submitted,

**ANDREW R. VARA**  
**UNITED STATES TRUSTEE**  
**REGIONS 3 & 9**

By: */s/Richard L. Schepacarter*  
Richard L. Schepacarter, Esquire  
Trial Attorney  
United States Department of Justice  
Office of the United States Trustee  
J. Caleb Boggs Federal Building  
844 N. King Street, Room 2207, Lockbox 35  
Wilmington, DE 19801  
(302) 573-6491  
(302) 573-6497 (Fax)  
Richard.Schepacarter@usdoj.gov